UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARZEL L. FOSTER, III,

        Plaintiff,

                            CASE NO. 07-CV-11250-DT
                            JUDGE PAUL D. BORMAN
                            MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

ARGENT MORTGAGE COMPANY, L.L.C.;
AMC MORTGAGE COMPANY;
AMERIQUEST MORTGAGE;
COUNTRY WIDE HOME LOANS, INC. and
WELLS FARGO BANK, N.A.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S EMERGENCY MOTION FOR AN AUTOMATIC STAY OF
PROCEEDINGS UNDER 28 U.S.C. § 1441 (Doc. Ent. 2) and
PLAINTIFF'S EMERGENCY MOTION TO REMOVE HIS STATE COURT CASE TO
FEDERAL COURT (Doc. Ent. 7)**

**I.**    **RECOMMENDATION:**  The Court should deny plaintiff's emergency motion for an

automatic stay of proceedings under 28 U.S.C. § 1441 (Doc. Ent. 2) and deny plaintiff's

emergency motion to remove his state court case to federal court (Doc. Ent. 7).

**II.**    **REPORT:**

**A.**    ***Wells Fargo Bank v. Arzel Foster***

       In April 2005, Argent Mortgage Company, L.L.C. (Argent) executed a mortgage on the

property located at 19165 Midway Road, Southfield, Michigan 48075.  Thereafter, AMC

Mortgage Company (AMC) was designated as the servicer of the loan.[1]

---

[1]This information was provided at the May 1, 2007 hearing; however, counsel for
defendants Argent, AMC and Ameriquest stated that he was not prepared to discuss payment

During 2005, the mortgage was assigned to Wells Fargo Bank, N.A. (Wells Fargo), and Country Wide Home Loans, Inc. (Country Wide) became the servicing agent.[2]  Plaintiff appears to claim that payments to one company were not passed on to the other company.  Doc. Ent. 7 at 6 ¶ 8.

On or about January 2006, Wells Fargo Bank filed a foreclosure action against Arzel Foster in State of Michigan 46th District Court.  *Wells Fargo Bank v. Foster*, Case No. LT 07 1097.[3]  In this state court action, Wells Fargo is represented by the law firm of Trott & Trott, P.C.  The case is assigned to Judge Susan M. Moiseev.  Doc. Ent. 7 at 5.

On April 2, 2006, plaintiff spoke with Country Wide's Customer Solution Department. Apparently, they were "finding payment from Jan 2006 to May 2006[.]" Doc. Ent. 7 at 6 ¶ 9.

In June 2006, there was a sheriff's sale on the property.[4]  Therefore, it appears that the redemption period would have expired during December 2006.[5]  Plaintiff claims that on or about

_____

details with regard to his clients.

[2]*See* May 1, 2007 hearing transcript.  Plaintiff appears to argue that he did not have a mortgage with Country Wide in 2005.  Doc. Ent. 7 at 1 ¶ 3, 6 ¶ 7.  In his state court papers, plaintiff states that his mortgage "is with Country Wide home Loan and has been [since] 2006." Doc. Ent. 7 at 6 ¶ 5.

[3]*See also* May 1, 2007 hearing transcript.  According to defense counsel's oral argument, Country Wide started the foreclosure action on behalf of Wells Fargo.

[4]*See* May 1, 2007 hearing transcript.  According to plaintiff's oral argument, the first sheriff's sale was cancelled.

[5]Mich. Comp. Laws § 600.3140 ("Redemption") provides in pertinent part:  "The mortgagor, the mortgagor's heirs, executors, or administrators, or any person lawfully claiming from or under the mortgagor or the mortgagor's heirs, executors, or administrators may redeem the entire premises sold by paying, within 6 months from the time of the sale, to the purchaser or the purchaser's executors, administrators, or assigns, or to the register of deeds in whose office the deed of sale is deposited as provided in the court rules, for the benefit of the purchaser, the sum which was bid with interest from the date of the sale at the interest rate provided for by the mortgage."  Mich. Comp. Laws § 600.3140(1).

July 2006 he was approved to pay off the mortgage.  Doc. Ent. 7 at 6.  Plaintiff claims he has been calling Wells Fargo since October 2006.  Doc. Ent. 7 at 6 ¶ 6.

On March 26, 2007, Judge Moiseev entered a landlord-tenant default judgment providing that Wells Fargo Bank had a right to possession.  The judgment stated that an order evicting defendant would be issued on or after April 6, 2007 unless he moved.  Doc. Ent. 7 at 5.

On March 30, 2007, Foster filed an emergency motion to set-aside a default judgment and grant an immediate emergency stay.  Doc. Ent. 7 at 3-4.  He explained that he is "a cancer patient and had to be in [his] doctor's office for emergency treatment on March 26, 2007[.]"  Doc. Ent. 7 at 3.  On April 2, 2007, Foster signed a declaration that he had not appeared on his court date for health reasons and that he had given Yvonne Cross Power of Attorney to handle the case for him.   Doc. Ent. 7 at 11.  He also signed a statement of fact "asking the court for Motion to Set Aside The Judgment and Grant An Immediate Emergency Stay!  So this matter can be proving in a court law."  Doc. Ent. 7 at 6.  On April 5, 2007, Foster filed a motion to set aside the default.  Doc. Ent. 7 at 10.

On April 9, 2007, a hearing on the motion to set aside default was scheduled for April 30, 2007 before Judge Moiseev.  Doc. Ent. 7 at 7.[6]  On the date set for hearing, Judge Moiseev granted the motion for eviction and an order of eviction was signed.[7]

## B.    The Instant Case

On March 23, 2007, three days before the state court default judgment was entered,

---

[6]Also on April 9, 2007, the State of Michigan Judicial Tenure Commission wrote to plaintiff regarding his request for an investigation into his state court case.  Doc. Ent. 7 at 8.

[7]*See* May 1, 2007 hearing transcript.

3

plaintiff Arzel L. Foster, III, filed a complaint in this Court alleging, inter alia, an illegal foreclosure on property located at 19165 Midway Road, Southfield, Michigan 48075.[8] Compl. at 1-2, at 3-6 ¶¶ 14, 15, 24, 26, 28, 35 and 40.  Defendants are Argent; AMC; Ameriquest Mortgage (Ameriquest); Country Wide and Wells Fargo.  Compl. at 1, at 2 ¶¶ 2-5

Among plaintiff's allegations are his claims that Argent "filed a slanderous title of a mortgage on [plaintiff's] property located at 19165 Midway Rd. Southfield, Michigan 48075[,]" Compl. ¶ 14; Argent transferred the mortgage to AMC, however, Argent "accepted payments from the Defendant after they were no longer authorized to take payments[,]" Compl. ¶ 15; AMC "collected money on a void and fraudulent mortgage[,]" Compl. ¶ 19; "[t]here's no proof that Ameriquest Mortgage received a transfer of a mortgage/note concerning the property located at 19165 Midway Rd. Southfield, Mi 48075 from AMC Mortgage Company[,]" Compl. ¶ 24; and Ameriquest "was enforcing a void mortgage[,]" Compl. ¶ 25.

Furthermore, plaintiff alleges that Country Wide "committed fraud by misrepresentation by having the Plaintiff believe that a foreclosure [was] not going to be perform[ed] until August of 2006[,]" Compl. ¶ 29; "[t]here's no proof that Country Wide . . . was authorized to receive a note/ mortgage from Ameriquest Mortgage[,]" Compl. ¶ 30; Country Wide "received money from the Plaintiff due to a void mortgage from Argent[,]" Compl. ¶ 31; and Country Wide "refuse[d] to respond to a payoff numerous times from different buyers (from banks and other individuals), therefore enforcing the Plaintiff into an allege[d] foreclosure by not accepting

---

[8]This is plaintiff's address of record.  However, I note that plaintiff's April 27, 2007 filing shows another address of Post Office Box 35499, Detroit, MI 48235-0499.  Doc. Ent. 7 at 9.  Therefore, I will direct the Clerk to send a copy of this report and recommendation to each address.

payoff from anyone[,]" Compl. ¶ 32.

Additionally, plaintiff claims that Wells Fargo "performed an illegal foreclosure on the Plaintiff's Property[,]" Compl. ¶ 36; "[t]here is no proof that Wells Fargo had authority to do a foreclosure on the Plaintiff['s] property[,]" Compl. ¶ 37; Wells Fargo "did not perform the foreclosure on the Plaintiff's Property according to the Michigan [Compiled] Laws (foreclosure by advertisement)[9] therefore injuring the Plaintiff by filing a slanderous document on the Plaintiff['s] Property[,]" Compl. ¶ 38 and "[t]he Sheriff's Deed is void and violates the MCL for not having the land description in any of the affidavits and no land description in the Sheriff's Deed[,]" Compl. ¶ 39.

On the same day, plaintiff filed an emergency motion seeking an automatic stay of proceedings under 28 U.S.C. § 1441(d).[10]  He claims that "[a]n illegal foreclosure has occurred on the property stated in this request[,]" and is "requesting this [C]ourt [to enter] a stay that supercedes venue/jurisdiction to stay execution of judgment until such time as there is a trial set forth in this matter pertaining to the complaint to undo non-judicial sale."  Doc. Ent. 2 at 2.

Defendants Argent, AMC and Ameriquest filed an answer to the complaint and affirmative defenses on April 13, 2007.  Doc. Ent. 3.  They also filed a response to plaintiff's emergency motion, alleging in part that "[p]laintiff has not made any showing that his situation satisfies the factors the Court must consider before granting injunctive relief[.]" They claim that plaintiff has failed "to cite any relevant authority or develop his argument in any way[.]" Finally,

---

[9]Apparently, plaintiff is referring to Michigan Compiled Laws, Chapter 600 ("Revised Judicature Act of 1961"), Chapter 32 ("Foreclosure of Mortgages by Advertisement"), §§ 600.3201-600.3280.

[10]28 U.S.C. § 1441 ("Actions removable generally")

5

they claim that plaintiff's motion does not comply with E. D. Mich. LR 7.1.  Doc. Ent. 4 at 4.

On April 16, 2007, Judge Borman referred this motion to me for hearing and determination.  Doc. Ent. 5.  A hearing on this motion was scheduled for May 23, 2007.  Doc. Ent. 6.  On April 27, 2007, plaintiff filed an emergency motion to remove his state court case to federal court.  Doc. Ent. 7.  Judge Borman has referred this motion to me for hearing and determination.  Doc. Ent. 8.[11]

On April 30, 2007, someone acting on plaintiff's behalf, presumably Ms. Cross, contacted my chambers, mentioned the same-day state court hearing and sought a hearing date earlier than May 23, 2007.  Later that day, my law clerk later spoke with Kevin H. Breck (counsel for defendants Argent, AMC and Ameriquest) and plaintiff, and the hearing date was moved up to May 1, 2005.

On the date set for hearing, plaintiff himself appeared, as did attorney Breck.  Plaintiff claimed he has never been given an opportunity to pay off the mortgage, even though he had approval letters.  Plaintiff asked me to recommend that defendants Country Wide and Wells Fargo be ordered to reinstate the property in plaintiff's name and to give him a fair opportunity to pay off the mortgage.  According to plaintiff, defendant Country Wide is still finding payments with regard to plaintiff's property.[12]  Defense counsel stated that his clients have no

_____

[11]The April 30, 2007 order of reference actually refers the March 23, 2007 motion; however, I assume that Judge Borman intended to refer the April 27, 2007 motion to me, as the April 30, 2007 order of reference was filed only three days after the motion and the March 23, 2007 motion was referred to me on April 16, 2007.

[12]During the hearing, plaintiff mentioned that he has made an offer to opposing counsel in the state court case.

6

position regarding the relief plaintiff requests in his motion.[13]

**C.     Analysis**

**1.     To begin, appearances have only been filed on behalf of three (Argent, AMC and Ameriquest) of the five defendants, and these defendants have been dismissed from the case.**

Counsel for Argent, AMC and Ameriquest has informed the Court that his clients are not involved in the state court case.  During the May 1, 2007 hearing, the parties appeared to agree that defendants Argent, AMC and Ameriquest should be dismissed from this case.  I suggested that any stipulation reflecting such an agreement be signed and directed to Judge Borman's chambers.  On May 2, 2007, Judge Borman filed a stipulated order to dismiss defendants Argent, AMC and Ameriquest.  Doc. Ent. 9.

Wells Fargo is the plaintiff in the state court case.  Doc. Ent. 7 at 10.  Country Wide and Wells Fargo have not filed appearances in the instant matter.  Nor have they responded to plaintiff's complaint or either of his motions.  During the May 1, 2007 hearing, plaintiff claimed that Country Wide and Wells Fargo are in default,[14] and he expressed an interest in continuing this litigation against these defendants and/or the law firm of Trott & Trott, P.C.  Plaintiff's complaint as to Country Wide requests "money damages for stress and bad health due to Country Wide . . . putting the Plaintiff through this hardship[,]" and as to Wells Fargo requests "that this Court void and/or set [aside] the Sheriff's Sale and the Sheriff's Deed and $485,000 times three for filing a void and fraudulent document on the Plaintiff's Property located at 19165 Midway

---

[13]A transcript of the May 1, 2007 hearing has been ordered and, when completed, will be filed with the Court.

[14]This report and recommendation makes no conclusion regarding Wells Fargo and Country Wide's status as defendants.

Rd. Southfield, Mi 48075." Compl. at 5-6 ¶¶ 33, 40.

2.      **Plaintiff's motion for a stay of state court proceedings, pending review of the instant complaint, should be denied based upon the Anti-Injunction Act.**

Plaintiff requests an order for an emergency stay of the proceedings with regard to the property located at 19165 Midway Road, Southfield, Michigan 48075-7147.  Doc. Ent. 2 at 1-2. He claims that an illegal foreclosure has occurred on the aforementioned property and he seeks "a stay that supercedes venue/jurisdiction to stay execution of judgment until such time as there is a trial set forth in this matter pertaining to the complaint to undo non-judicial sale."  Doc. Ent. 2 at 2.

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 ("Stay of State court proceedings").  "It has been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceedings unless that action falls within one of the Act's three specifically designated exceptions."  *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131-132 (5th Cir. 1990) (citing *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977); *Mitchum v. Foster*, 407 U.S. 225, 228-229 (1972)) (internal footnotes omitted).

"[T]his [C]ourt does not have the power to enjoin the state court mortgage foreclosure proceedings.  The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the granting of injunctions to stay state court proceedings, including mortgage foreclosure actions."  *Nixon v. Individual Head of St. Joseph Mortgage Co., Inc.*, 612 F. Supp. 253, 255 (N. D. Ind. 1985) (citing *Ungar v. Mandell*, 471 F.2d 1163 (2d Cir. 1972); *First National Bank & Trust Co. of Racine v. Village of*

8

*Skokie*, 173 F.2d 1 (7th Cir. 1949)).[15]  *See also Phillips*, 894 F.2d at 131 ("[T]he Anti-Injunction

Act, 28 U.S.C. § 2283, precludes any stay of the April 25 state court foreclosure proceedings,

which were already pending when the district court issued its May 5 injunctive order.").[16]

3.    **Plaintiff's motion to remove his state court case to federal court should be denied under 28 U.S.C. § 1441(b).**

Plaintiff requests that the Court remove his state court action to the federal court under

the All Writs Act,[17] "based on federal court's prior action[[18]] involving collateral protection and

injunction prohibiting the lower court from handling this case."  Doc. Ent. 7 at 2 ¶ 5.

The jurisdiction of the United States District Courts is governed by 28 U.S.C. §§ 1330-

1369, and removal of state court cases to the United States District Court is governed by 28

U.S.C. §§ 1441-1453.  In pertinent part, 28 U.S.C. § 1441 provides that "[a]ny civil action of

---

[15]"Thus, this court is without jurisdiction to hear this cause, and lacks the power to order the injunctive relief sought.  The case will therefore be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3)."  *Id.*  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).

[16]"[T]he district court cannot enjoin Schreiner Bank's prosecution of the April 25 state foreclosure action.  The district court is directed to vacate that portion of its order proscribing foreclosures and actions in other courts."  *Id*. at 132.

[17]28 U.S.C. § 1651 ("Writs") provides that "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law[,]" and "(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction." *See Wisconsin Right to Life, Inc. v. Federal Election Commission,* 542 U.S. 1305, 1306 (Chief Justice Rehnquist, Circuit Justice 2004) ("It is only appropriately exercised where (1) '[n]ecessary or appropriate in aid of [our] jurisictio[n],' 28 U.S.C. § 1651 (a), and (2) the legal rights at issue are 'indisputably clear,' *Brown v. Gilmore*, 533 U.S. 1301, 122 S.Ct. 1, 150 L.Ed.2d 782 (2001)[.]").

[18]It appears that the only other case on this Court's docket involving a party named Arzel Foster is *In re Arzel Foster*, Case No. 04-71673, a bankruptcy appeal of Case No. 03-67781 where Arzel L. Foster, III was the debtor and David Wm Ruskin was the trustee.

which the district courts have original jurisdiction founded on a claim or right arising under the
Constitution, treaties or laws of the United States shall be removable without regard to the
citizenship or residence of the parties.  Any other action shall be removable *only if none of the
parties in interest properly joined as defendants is a citizen of the State in which such action is
brought.*"  28 U.S.C. § 1441(b) (emphasis added).

For the reasons that follow, at this time the Court should conclude that it does not have
jurisdiction over the state court lawsuit under either 28 U.S.C. §§ 1331 ("Federal question") or
28 U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs").  Therefore, removal
of the state court case to federal court based upon 28 U.S.C. § 1441 ("Actions removable
generally.") would be improper.

**a.      It does not appear that the state court complaint contains a federal question.**  "The
district courts shall have original jurisdiction of all civil actions arising under the Constitution,
laws, or treaties of the United States."  28 U.S.C. § 1331 ("Federal question").  Federal question
jurisdiction is determined from the face of the state court complaint.  "The provisions of section
1441(b) require a defendant to demonstrate that a district court would have original jurisdiction
over a civil action in order to invoke the federal court's removal jurisdiction.  The party seeking
removal bears the burden of demonstrating that the district court has original jurisdiction . . .

A claim falls within this court's original jurisdiction under 28 U.S.C. § 1331 only in
those cases in which a well-pleaded Complaint establishes either that federal law creates the
cause of action or that the plaintiff's right to relief necessarily depends on resolution of a
substantial question of federal law.  The well-pleaded complaint rule provides that federal
jurisdiction exists only when a federal question is presented on the fact of the plaintiff's properly

10

pleaded complaint." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (citations, internal quotations, alterations omitted).

When plaintiff filed this lawsuit, he described the nature of it as fraud with respect to personal property. Compl. at 7 ("Civil Cover Sheet"). Assuming that any of plaintiff's filings (the complaint or one of the two motions currently pending before the Court) were intended to remove the state court case to federal court pursuant to 28 U.S.C. § 1441, the Court is not in possession of a copy of the state court complaint, the claims in which would assist the Court in assessing removal jurisdiction. However, based upon the representations made at the May 1, 2007 hearing, it appears that the state foreclosure action was based upon missed payments.[19]

**b.    It appears that plaintiff is a citizen of the State of Michigan.** "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

"Diversity will not support diversity jurisdiction . . . if any of the properly joined defendants are citizens of the state in which the suit was originally filed." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *see also Day v. Avery*, 548 F.2d 1018, 1022 (D. C. Cir. 1976); *Hutchins v. Cardiac Science, Inc.*, 456 F. Supp. 2d 173, 192 (D. Mass. 2006).

Plaintiff's filed his March 23, 2007 complaint on the basis of diversity of citizenship.

---

[19]In his April 27, 2007 motion, plaintiff stated there would be an amendment to his findings. Doc. Ent. 7 at 1 ¶ 1. Also, at the May 1, 2007 hearing, plaintiff mentioned making some type of amendment to this case, which I interpreted as an effort to supplement the record with documentation. However, at this time, no such amendment has been filed. In light of the emergency nature of plaintiff's requests, I issue this report and recommendation in the absence of plaintiff's intended amendment(s) to the record.

11

Specifically, plaintiff's complaint states that "[t]his [C]ourt has jurisdiction due to diversity of the parties[,]" and "[t]he amount in controversy exceeds the amount of $75,000.00."  Compl. ¶ 6.[20]  Because the state court complaint does not appear to contain a federal question and because plaintiff, who is a defendant in the state court action, appears to be a citizen of the State of Michigan, jurisdiction over the state court complaint could not exist on the basis of diversity.  28 U.S.C. § 1441(b).

**4.     Furthermore, plaintiff's complaint, if intended as a notice of removal, appears to have been tardy under 28 U.S.C. § 1446.**

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446.  The Court is not in possession of a copy of the state court complaint, the filing date of which would assist the Court in assessing the timeliness of removal; however, during the May 1, 2007 hearing, counsel for the three appearing defendants stated that the state court case began in January 2006.  If so, plaintiff's March 23, 2007 complaint would have been well outside the thirty (30) day period for removal.

## III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

---

[20]This observation quells the idea that plaintiff's complaint might be based upon the Truth in Lending Act, 15 U.S.C. § 1601-15 U.S.C. § 1667f.

12

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 147-

48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir.

1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  Filing of objections that

raise some issues but fail to raise others with specificity, will not preserve all the objections a

party might have to this Report and Recommendation.  *Miller v. Currie*, 50 F.3d 373, 380 (6th

Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231, American Federation of Teachers, ALF-CIO*, 829 F.2d 1370, 1373 (6th Cir.

1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall not be more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.

                                        s/Paul J. Komives
                                        PAUL J. KOMIVES
Dated 5/4/07                            UNITED STATES MAGISTRATE JUDGE

The undersigned certifies that a copy of the foregoing
order was served on the attorneys of record by electronic
means or U.S. Mail on May 4, 2007.

                    s/Eddrey Butts
                    Case Manager

13