UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARZEL L. FOSTER, III,

    Plaintiff,

                      CASE NO. 07-CV-11250-DT
                      JUDGE PAUL D. BORMAN
                      MAGISTRATE JUDGE PAUL J. KOMIVES

v.

ARGENT MORTGAGE COMPANY, L.L.C.;
AMC MORTGAGE COMPANY;
AMERIQUEST MORTGAGE;
COUNTRY WIDE HOME LOANS, INC. and
WELLS FARGO BANK, N.A.,

    Defendants.
                                    /

### REPORT AND RECOMMENDATION REGARDING
### PLAINTIFF'S MAY 18, 2007 MOTION FOR DEFAULT JUDGMENT (Doc. Ent. 27)

**I.**     **RECOMMENDATION:** The Court should deny plaintiff's May 18, 2007 motion for default judgment. Doc. Ent. 27.

**II.**     **REPORT:**

**A.**     **The Instant Complaint**

On March 23, 2007, Foster filed a complaint in this Court alleging, inter alia, an illegal foreclosure on property located at 19165 Midway Road, Southfield, Michigan 48075.[1] Compl. at 1-2, at 3-6 ¶¶ 14, 15, 24, 26, 28, 35 and 40. Defendants are Argent; AMC; Ameriquest; Countrywide and Wells Fargo. Compl. at 1, at 2 ¶¶ 2-5. The complaint contains five (5) counts - one attributable to each defendant. Compl. ¶¶ 8-41.

---

[1] This was plaintiff's address of record. However, on August 10, 2007, I directed the Clerk of the Court to change plaintiff's address of record to Post Office Box 35499, Detroit, MI 48235. Doc. Ent. 33.

Defendants Argent, AMC and Ameriquest filed an answer to the complaint and affirmative defenses on April 13, 2007. Doc. Ent. 3. On May 2, 2007, Judge Borman filed a stipulated order to dismiss defendants Argent, AMC and Ameriquest. Doc. Ent. 9. Therefore, the only remaining defendants at this time are Countrywide and Wells Fargo. These defendants filed an answer and affirmative defenses on May 4, 2007. Doc. Ent. 11.[2]

**B.     The Court Should Deny Plaintiff's May 18, 2007 Motion for Default Judgment.**

On May 18, 2007, plaintiff filed a motion for default judgment. Doc. Ent. 27. Plaintiff specifically seeks entry of default judgment; an assessment of sanctions against defendants for plaintiff's attorney fees and costs wrongly incurred pursuant to M.C.R. § 2.114(F) ("Sanctions for Frivolous Claims and Defenses."); and an award of costs under M.C.R. § 2.625(D) ("Costs When Default or Default Judgment Set Aside.").

A request for entry of default is governed by Fed. R. Civ. P. 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A request for entry of default judgment is governed by 55(b), which provides:

> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

---

[2]These defendants have filed statements of disclosure of corporate affiliations and financial interest (Doc. Entries 12 and 13), an answer (Doc. Ent. 11), a notice of change of electronic filing registration information (Doc. Ent. 14), a response (Doc. Ent. 20) and a motion to dismiss (Doc. Ent. 21). Also, a notice of appearance on behalf of defendants Countrywide and Wells Fargo was filed on June 27, 2007. Doc. Ent. 23. Furthermore, on July 30, 2007, defendants Countrywide and Wells Fargo filed a response to plaintiff's motion for default judgment (Doc. Ent. 28); and on July 14, 2008, defendant Countywide filed a statement of disclosure of corporate affiliations and financial interest (Doc. Ent. 39).

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed. R. Civ. P. 55(b).

On July 30, 2007, Countrywide and Wells Fargo filed a response. Doc. Ent. 28. Defendants argue that (A) "[p]laintiff is not entitled to special treatment from the Court as a *pro se* civil litigant[,]" (B) "[p]laintiff's failure to serve summons and complaint on defendants is fatal to his motion for default[,]" and (C) "[d]efendants have both filed an answer and otherwise defended against this action, making plaintiff's motion for default . . . baseless."[3]

Judge Borman has referred plaintiff's motion to me for report and recommendation. Doc. Ent. 32.[4] Beginning with the issues raised by defendants' response, the Court should first

---

[3]Defendants Countrywide and Wells Fargo claim that plaintiff did not comply with E. D. Mich. LR 7.1(a). Doc. Ent. 28 at 1. Plaintiff is reminded of E. D. Mich. LR 7.1(a)(1)'s requirement that the moving party seek concurrence from the opposing party with regard to motions and requests.

[4]The August 2, 2007 order of reference actually refers the June 13, 2007 motion to dismiss; however, I assume that Judge Borman intended to refer the May 18, 2007 motion to me, as the June 13, 2007 motion was referred to me on June 20, 2007.

consider whether defendants Countrywide and Wells Fargo were served with a copy of the complaint and summons. To begin, service of summons is governed by Fed. R. Civ. P. 4(c), which provides:

> (c) Service.
>
> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> (2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.
>
> (3) By a Marshal or Someone Specially Appointed. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c). "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." Fed. R. Civ. P. 4(m).

Given that plaintiff's complaint was filed on March 23, 2007, plaintiff had until on or about July 21, 2007 by which to serve defendants. Doc. Ent. 1; Fed. R. Civ. P. 4(m). Attached to plaintiff's May 14, 2007 motion are return receipts regarding each of the five (5) original defendants. Doc. Ent. 15 at 11-14. Although the contents of the return receipts are not clear, Argent and AMC received mailings on March 26, 2007; Ameriquest received a mailing on

March 27, 2007; Countrywide received a mailing on March 29, 2007; and Wells Fargo received a mailing on March 30, 2007. Doc. Ent. 15 at 11-14. Therefore, it appears that the original five defendants received the complaint between March 26, 2007, and March 30, 2007. Doc. Ent. 15 at 12 (Countrywide, Wells Fargo and Argent), 14 (Ameriquest and AMC).[5]

As for the timeliness of an answer to the complaint, Fed. R. Civ. P. 12(a)(1) provides in part that "[u]nless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must serve an answer: (i) within 20 days after being served with the summons and complaint; or (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States." Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff maintains that this Court "should bar the pleadings from the herein named Defendants based upon the fact that they did not timely and within the legal time period of twenty (20) days form the time that they were duly served[.]" Doc. Ent. 27 at 2 ¶ 1. Plaintiff argues that defendants should not be permitted to file pleadings in this case or to be heard before the Court. Doc. Ent. 27 at 2 ¶¶ 2-3.

Assuming defendants were properly served with the summons and complaint between March 26th and March 30th, and in the absence of a Rule 4(d) waiver, defendants answers were due on or about Monday, April 16th and Thursday, April 19th. Fed. R. Civ. P. 12(a)(1)(A)(i). As

---

[5]Defendants take issue with plaintiff's proof of service. Doc. Ent. 28 at 7. Not only does Fed. R. Civ. P. 4(l)(1) provide that "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit[,]" Subsection 4(l)(3) provides that "[f]ailure to prove service does not affect the validity of service. The court may permit proof of service to be amended."

previously noted, defendants Argent, AMC and Ameriquest filed an answer to the complaint and affirmative defenses on April 13, 2007. Doc. Ent. 3. Therefore, this answer appears to have been timely.

On the other hand, under the same assumption, defendants Countrywide and Wells Fargo's May 4, 2007 answer appears to have been untimely. Here, Countrywide and Wells Fargo dispute that assumption, contending that "[p]laintiff has never properly served Wells Fargo or Countrywide with a copy of the summons and complaint." Doc. Ent. 28 at 6. On May 4, 2007, defendants Countrywide and Wells Fargo, by their counsel Brian C. Summerfield, filed an answer and affirmative defenses. Doc. Ent. 11. According to Countrywide and Wells Fargo, they "became aware of the complaint and, in an effort to expedite this matter, filed an answer o[n] May 4, 2007." Doc. Ent. 28 at 6.

In support of their argument that plaintiff's failure to affect service of the summons and complaint upon defendants Countrywide and Wells Fargo is fatal to plaintiff's Rule 55 motion, defendants Countrywide and Wells Fargo maintain that they "have <u>never</u> been served with the summons and complaint[,]" and contend their May 4, 2007 answer "could not have been untimely . . . as defendants never had a duty to respond to the unserved summons and complaint." Doc. Ent. 28 at 7.

Obviously, defendants dispute the propriety of plaintiff's service of summons and complaint. However, even assuming arguendo that the aforementioned registered mail receipts constituted service upon defendants of the summons and complaint and that defendants Countrywide and Wells Fargo's May 4, 2007 answer and affirmative defenses (Doc. Ent. 11) were tardy, the Court should deny plaintiff's motion for entry of default judgment.

6

To begin, Countrywide and Wells Fargo argue that they "have both filed an answer and otherwise defended against this action, making plaintiff's motion for default . . . baseless." Doc. Ent. 28 at 7. In support of this argument, defendants claim they have never failed to defend against this action. Doc. Ent. 28 at 7. Defendants note that they filed their May 4, 2007 answer two weeks before plaintiff filed his May 18, 2007 motion for default judgment. Doc. Ent. 28 at 5. In addition, by July 24, 2007 (the date on which the May 18, 2007 motion for default judgment was docketed by the Clerk's Office), defendants Countrywide and Wells Fargo had filed a June 11, 2007 response (Doc. Ent. 20) to plaintiff's May 14, 2007 motion (Doc. Ent. 15) and a June 13, 2007 motion to dismiss (Doc. Ent. 21).[6] Therefore, the Court should agree with defendants Countrywide and Wells Fargo that "[i]t simply cannot be claimed that Countrywide and Wells Fargo have failed to plead or otherwise defend this action." Doc. Ent. 28 at 8.

My conclusion as to plaintiff's motion for entry of default judgment is unchanged by plaintiff's representation that he "has several issues of merit and more likely th[a]n not he would prevail in the case and/or that a fair and equitable settlement would be reached in his favor and the fact that the amended pleading have now been presented to the court (if) it decided that this matter should go forward then the amended pleadings of the plaintiff and its defenses must be given full weight and value to his total claim against which the defendants can not make a valid cause of action to hope to win its case." Doc. Ent. 27 at 2 ¶ 4. The claims in plaintiff's original complaint as to the remaining defendants will be addressed in a report and recommendation regarding defendants Countrywide and Wells Fargo's June 13, 2007 motion to dismiss, and the

---

[6]They also claim to have appeared in this Court on June 18, 2007 for a hearing but allege that plaintiff did not appear. Doc. Ent. 28 at 7-8. This consistent with my calendar for that date, which reflects that a hearing was not held.

claims in plaintiff's proposed amended complaint will be addressed in conjunction with plaintiff's May 18, 2007 motion to amend.

If the Court accepts my foregoing recommendation, then it should also deny plaintiff's requests for a sanction of attorney fees and for costs based on M.C.R. 2.114(F)[7] and M.C.R. 2.625(D).[8] Doc. Ent. 27 at 2. Furthermore, the Court should conclude that Countrywide and Wells Fargo's request for costs, sanctions and/or attorney fees on the basis that plaintiff's motion was not warranted (Doc. Ent. 28 at 1, 5) is not justified under the circumstances.

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a

---

[7]"In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). The court may not assess punitive damages." M.C.R. § 2.114(F).

[8]"The following provisions apply to an order setting aside a default or a default judgment: (1) If personal jurisdiction was acquired over the defendant, the order must be conditioned on the defendant's paying or securing payment to the party seeking affirmative relief the taxable costs incurred in procuring the default or the default judgment and acting in reliance on it; (2) If jurisdiction was acquired by publication, the order may be conditioned on the defendant's paying or securing payment to the party seeking affirmative relief all or a part of the costs as the court may direct; (3) If jurisdiction was in fact not acquired, costs may not be imposed." M.C.R. § 2.625(D).

8

party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, ALF-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Paul J. Komives  
                                                PAUL J. KOMIVES  
                                                UNITED STATES MAGISTRATE JUDGE

Dated 12/4/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on December 4, 2008.
>
>                                s/Eddrey Butts  
>                                Case Manager