UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARZEL L. FOSTER, III,

        Plaintiff,

                                CASE NO. 07-CV-11250-DT
                                JUDGE PAUL D. BORMAN
                                MAGISTRATE JUDGE PAUL J. KOMIVES

   v.

ARGENT MORTGAGE COMPANY, L.L.C.;
AMC MORTGAGE COMPANY;
AMERIQUEST MORTGAGE;
COUNTRY WIDE HOME LOANS, INC. and
WELLS FARGO BANK, N.A.,

        Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MAY 14, 2007 MOTION (Doc. Ent. 15)

**Table of Contents**

I.     **OPINION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**
     **A.**      **Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**
              **1.**      **The property located at 19165 Midway Road, Southfield, Michigan 48075** . . . . . . . **2**
              **2.**      *Wells Fargo Bank v. Arzel Foster*, **Case No. LT 07 1097 (46th District Court)** . . . . . **4**
     **B.**      **The Instant Complaint** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**
     **C.**      **This Court Denied Plaintiff's Emergency Motions.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**
     **D.**      **Plaintiff's May 14, 2007 Motion is Granted in Part and Denied in Part.** . . . . . . . . . . . . . . . **7**
              **1.**      **Plaintiff's motion is granted to the extent he seeks to supplement the record evidence.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**
              **2.**      **Plaintiff's request to supplement his original complaint without leave is denied.** . . **10**
              **3.**      **Construing plaintiff's filing as a Rule 15(a)(2) motion for leave to file an amended complaint, his request is conditionally granted.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **10**

II.    **ORDER** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **29**

## I.    OPINION:

## A.    Background

## 1.    The property located at 19165 Midway Road, Southfield, Michigan 48075

Arzel L. Foster, III (Foster) asserts that he has an "equitable interest and has maintain[ed] the ownership of the propert[y] [at 19165 Midway Road, Southfield, Michigan 48075] since 1992 or 1993 and has homestead and equity interest."  Doc. Ent. 27 at 2 ¶ 6.

In a letter dated April 11, 2005, Argent Mortgage Company, L.L.C. (Argent) wrote to Foster.  Doc. Ent. 19-6 at 2.  It appears that this mailing included a copy of a "Good Faith Estimate" regarding a loan in the amount of $378,000 at a rate of 9.5%.  Doc. Ent. 19-6 at 3.  On April 28, 2005, borrower Foster, and lender Argent executed a $351,000 mortgage on the property located at 19165 Midway Road, Southfield, Michigan 48075.  Doc. Ent. 21-4, 21-5 at 2-17.  On the same date, Foster also signed an adjustable rate rider (Doc. Ent. 21-5 at 19-21); a Truth-In-Lending Disclosure Statement (Doc. Ent. 19-4 at 2); and a Real Estate Settlement Procedures Act of 1974 (RESPA) Servicing Disclosure estimating that the servicing of the loan would be assigned, sold or transferred to AMC Mortgage Services, Inc. (Doc. Ent. 19-5 at 2). He signed a settlement statement noting a loan principal of $351,000 (Doc. Ent. 19-7 at 2-3).[1] Thereafter, AMC Mortgage Company (AMC) was designated as the servicer of the loan.  Doc. Ent. 18 at 21.

On May 3, 2005, Argent assigned the mortgage to Wells Fargo Bank, N.A. (Wells Fargo), and Countrywide Home Loans, Inc. (Countrywide) became the servicing agent.  Doc.

---

[1]The $351,000 loan was summarized as follows: $7,104.80 (settlement charges); $329,428.16 (Equity One, Inc.); $8,519 (2004 taxes) and $5,948.04 (due to borrower).  Doc. Ent. 19-7 at 2.

Ent. 21-6 at 2, Doc. Ent. 18 at 22.[2]  Plaintiff appears to claim that payments to one company were not passed on to the other company.  Doc. Ent. 7 at 6 ¶ 8.

Countrywide, on behalf of Wells Fargo, started a foreclosure proceeding, apparently based upon missed payments.  Doc. Ent. 18 at 23-24.  Plaintiff claims to have evidence of payments.  Doc. Ent. 18 at 6.  He claims his payments to Argent and AMC were timely.  Doc. Ent. 18 at 9.

On April 2, 2006, plaintiff spoke with Countrywide's Customer Solution Department. Apparently, they were "finding payment from Jan 2006 to May 2006[.]" Doc. Ent. 7 at 6 ¶ 9.  On May 12, May 19, May 26 and June 2, 2006, a notice was published in the Oakland County Legal News.  On May 15, 2006, a notice was posted on the door trim of the property in question. Approximately $365,329.44 was due.  Doc. Ent. 21-7 at 3; Doc. Ent. 15 at 26.  The sheriff's sale was noticed for June 13, 2006 but was adjourned to August 22, 2006.  Doc. Ent. 21-7 at 2; Doc. Ent. 15 at 24.  Therefore, February 22, 2007 was the last day to redeem.  Doc. Ent. 21-7 at 4; Doc. Ent. 15 at 27.[3]

Plaintiff claims that on or about July 2006 he was approved to pay off the mortgage.

---

[2]Plaintiff appears to argue that he did not have a mortgage with Countrywide in 2005. Doc. Ent. 7 at 1 ¶ 3, 6 ¶ 7.  In what is apparently a state court paper, plaintiff states that his mortgage "is with Country Wide home Loan and has been [since] 2006."  Doc. Ent. 7 at 6 ¶ 5.

[3]Mich. Comp. Laws § 600.3140 ("Redemption") provides in pertinent part:  "The mortgagor, the mortgagor's heirs, executors, or administrators, or any person lawfully claiming from or under the mortgagor or the mortgagor's heirs, executors, or administrators may redeem the entire premises sold by paying, within 6 months from the time of the sale, to the purchaser or the purchaser's executors, administrators, or assigns, or to the register of deeds in whose office the deed of sale is deposited as provided in the court rules, for the benefit of the purchaser, the sum which was bid with interest from the date of the sale at the interest rate provided for by the mortgage."  Mich. Comp. Laws § 600.3140(1).

Doc. Ent. 7 at 6.  On August 18, 2006, Wells Fargo executed an affidavit of purchaser which provided that the redemption amount was $377,940.58.  Doc. Ent. 21-7 at 5; Doc. Ent. 15 at 28. On August 22, 2006, there was a foreclosure sale.  According to the evidence of sale (affidavit of auctioneer), the highest bid for Foster's property was Wells Fargo's offer of $377,940.58.  Doc. Ent. 21-7 at 4; Doc. Ent. 15 at 27.  Plaintiff claims he has been calling Wells Fargo since October 2006.  Doc. Ent. 7 at 6 ¶ 6.

2.      ***Wells Fargo Bank v. Arzel Foster*, Case No. LT 07 1097 (46th District Court)**

Wells Fargo filed a termination of tenancy complaint in the 46th District Court, alleging that tenant(s) were "wrongfully holding over after the expiration of the redemption period following a mortgage foreclosure sale."  Doc. Ent. 15 at 23.  In this state court action, Wells Fargo is represented by the law firm of Trott & Trott, P.C.  The case is assigned to Judge Susan M. Moiseev.  Doc. Ent. 7 at 5.

On March 14, 2007, a Landlord-Tenant / Land Contract summons was sent to Foster. Doc. Ent. 21-8 at 2.  The summons was personally served upon Foster on March 20, 2007.  Doc. Ent. 21-8 at 3.  The summons provided notice that Wells Fargo wanted to evict Foster from the property and summoned plaintiff to the court on March 26, 2007.  Doc. Ent. 21-8 at 2.

Judge Moiseev entered a landlord-tenant default judgment providing that Wells Fargo Bank had a right to possession.  The judgment stated that an order evicting defendant would be issued on or after April 6, 2007 unless Foster moved.  Doc. Ent. 21-9.

On March 30, 2007, Foster filed an emergency motion to set-aside a default judgment and grant an immediate emergency stay.  Doc. Ent. 15 at 18-19.  He explained that he is "a cancer patient and had to be in [his] doctor's office for emergency treatment on March 26,

2007[.]" Doc. Ent. 15 at 18. On April 2, 2007, Foster signed a declaration that he had not appeared on his court date for health reasons and that he had given Yvonne Cross Power of Attorney to handle the case for him. Doc. Ent. 7 at 11. On or about the same date, he submitted a statement of fact "asking the court for Motion to Set Aside The Judgment and Grant An Immediate Emergency Stay! So this matter can be prov[en] in a court [of] law." Doc. Ent. 7 at 6 ¶ 11. On April 5, 2007, Foster filed a motion to set aside the default. Doc. Ent. 7 at 10; Doc. Ent. 15 at 16.

On April 9, 2007, a hearing on the motion to set aside default was scheduled for April 30, 2007 before Judge Moiseev. Doc. Ent. 7 at 7.[4] On the date set for hearing, Judge Moiseev signed an order of eviction. Doc. Ent. 18 at 23. That same day plaintiff made an offer of $295,000 to Donald King,[5] attorney for Wells Fargo in the state court case, and it was accepted; however, Countrywide took the power to negotiate out of Wells Fargo's hands. Doc. Ent. 18 at 32, 34.

**B.      The Instant Complaint**

On March 23, 2007, Foster filed a complaint in this Court alleging, inter alia, an illegal foreclosure on property located at 19165 Midway Road, Southfield, Michigan 48075.[6] Compl. at 1-2, at 3-6 ¶¶ 14, 15, 24, 26, 28, 35 and 40. Defendants are Argent; AMC; Ameriquest;

---

[4]Also on April 9, 2007, the State of Michigan Judicial Tenure Commission wrote to plaintiff regarding his request for an investigation into his state court case. Doc. Ent. 7 at 8.

[5]According to the State Bar of Michigan's member directory, Donald J. King is an attorney with Trott & Trott PC. *See* www.michbar.org, "Member Directory."

[6]This was plaintiff's address of record. However, on August 10, 2007, I directed the Clerk of the Court to change plaintiff's address of record to Post Office Box 35499, Detroit, MI 48235. Doc. Ent. 33 at 2.

Countrywide and Wells Fargo.  Compl. at 1, at 2 ¶¶ 2-5.  The complaint contains five (5) counts - one attributable to each defendant.  Compl. ¶¶ 8-41.

Defendants Argent, AMC and Ameriquest filed an answer to the complaint and affirmative defenses on April 13, 2007.  Doc. Ent. 3.  On May 4, 2007, defendants Countrywide and Wells Fargo filed an answer and affirmative defenses.  Doc. Ent. 11.

**C.     This Court Denied Plaintiff's Emergency Motions.**

Along with his complaint, plaintiff filed an emergency motion seeking an automatic stay of proceedings under 28 U.S.C. § 1441(d).[7]  Doc. Ent. 2.  On April 16, 2007, Judge Borman referred this motion to me for hearing and determination.  Doc. Ent. 5.

On April 27, 2007, plaintiff filed an emergency motion to remove his state court case to federal court.  Doc. Ent. 7.  Judge Borman referred this motion to me for hearing and determination.  Doc. Ent. 8.[8]

A hearing was held on May 1, 2007.  Plaintiff himself appeared, as did attorney Breck.  A transcript of the hearing has been filed.  Doc. Ent. 18.  According to plaintiff, defendant Countrywide was still finding payments with regard to plaintiff's property.  Doc. Ent. 18 at 16.

On May 4, 2007, I entered a report regarding plaintiff's emergency motions.  I recommended that plaintiff's emergency motions be denied.  Doc. Ent. 10.  Specifically, I concluded that (1) appearances had only been filed on behalf of three (Argent, AMC and

---

[7]28 U.S.C. § 1441 ("Actions removable generally").

[8]The April 30, 2007 order of reference actually refers the March 23, 2007 motion; however, I assume that Judge Borman intended to refer the April 27, 2007 motion to me, as the April 30, 2007 order of reference was filed only three days after the motion and the March 23, 2007 motion was referred to me on April 16, 2007.

Ameriquest) of the five defendants, and those defendants had been dismissed from the case; (2) plaintiff's motion for a stay of state court proceedings, pending review of the instant complaint, should be denied based upon the Anti-Injunction Act; (3) plaintiff's motion to remove his state court case to federal court should be denied under 28 U.S.C. § 1441(b); and (4) plaintiff's complaint, if intended as a notice of removal, appears to have been tardy under 28 U.S.C. § 1446.

On July 23, 2007, Judge Borman accepted my report and recommendation. Doc. Ent. 25. On July 31, 2007, plaintiff filed a notice of appeal of Judge Borman's July 23, 2007 order. Doc. Ent. 29. On September 12, 2007, Judge Borman entered an order granting plaintiff's application to proceed on appeal without prepayment of fees. Doc. Ent. 37. However, on September 20, 2007, the Sixth Circuit entered an order dismissing plaintiff's appeal. Doc. Ent. 38.

On August 21, 2007, plaintiff filed motions for reconsideration of his March 23rd and April 27th motions. Doc. Entries 34 and 36.[9] However, the following day Judge Borman entered an order striking these papers, because E. D. Mich. LR 5.1 requires that papers be double-spaced. Doc. Ent. 35.

**D.      Plaintiff's May 14, 2007 Motion is Granted in Part and Denied in Part.**

On May 14, 2007, plaintiff filed a "motion for exten[sion] of time to file addition[al] amendments and motion for evidence and additional defendants in su[it][,]" as well as a demand for jury trial. Doc. Ent. 15. Plaintiff seeks "amendments to conform to the evidence[.]" Doc.

---

[9]Although it is attached to a documents stricken from the record, a letter addressed to Judge Borman and Magistrate Judge Komives from attorney Thomas H. Randolph, III, Esq., dated August 21, 2007, states that "[f]or the past two months, I have been assisting Mr. Arzell Foster in his attempt to regain title to his home in Southfield, Michigan." Doc. Ent. 34 at 5; Doc. Ent. 36 at 5.

Ent. 15 at 2. Specifically, he seeks to amend the general narrative, as well as his third and fourth causes of action. Doc. Ent. 15 at 3-5.[10] Referring to his original complaint, plaintiff contends that "[o]n December 1, 2005 [his] home was sold under the guise of power of sale." Doc. Ent. 15 at 3 ¶ 5.[11]

Judge Borman referred this motion to me on June 4, 2007 for hearing and determination. Doc. Ent. 16. On June 8, 2007, Argent, AMC and Ameriquest filed a response to plaintiff's motion. Doc. Ent. 19.[12] Countrywide and Wells Fargo Bank filed a response on June 11, 2007. Doc. Ent. 20. In their response, defendants Countrywide and Wells Fargo argue that "[a]ssuming [this motion] is a request for leave to file an amended complaint, the request should be denied for the reasons stated by defendants Argent Mortgage Company, Ameriquest Mortgage, and AMC Mortgage Company." Doc. Ent. 20 at 2.[13]

---

[10]In plaintiff's original complaint, Count Three named Ameriquest and Count Four named Countrywide. Doc. Ent. 1 at 4-5. The proposed amended third and fourth causes of action both name Argent. Doc. Ent. 15 at 4-5 ¶¶ 7-11.

[11]In light of the Court's August 22, 2007 order striking papers on the basis that E. D. Mich. LR 5.1 requires papers to be double-spaced (Doc. Ent. 35), it is important to note that plaintiff's May 14, 2007 filing (Doc. Ent. 15 at 7-8) does not bear a signature. Fed. R. Civ. P. 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

[12]Within the response, defendants Argent, AMC and Ameriquest claim that "[t]he first notice they had of the motion was when they received the Order of Referral to [me] on June 4, 2007." Doc. Ent. 19 at 4. Plaintiff is reminded that Fed. R. Civ. P. 5(a)(1)(D) provides that "each of the following papers must be served on every party: . . . (D) a written motion, except one that may be heard ex parte[.]"

[13]A hearing on this motion was noticed for June 18, 2007. Doc. Ent. 17. However, a hearing was not held. Both responses were served upon plaintiff at the Midway Road, Southfield, MI address. Doc. Ent. 19 at 7; Doc. Ent. 20 at 4.

**1.    Plaintiff's motion is granted to the extent he seeks to supplement the record evidence.**

In his April 27, 2007 motion, plaintiff stated there would be an amendment to his findings.  Doc. Ent. 7 at 1 ¶ 1.  Also, at the May 1, 2007 hearing, plaintiff mentioned making some type of amendment to this case, which I interpret as an effort to supplement the record with documentation.  Doc. Ent. 18 at 18.  Within my May 4, 2007 conclusion that plaintiff's complaint, if intended as a notice of removal, appeared to have been tardy under 28 U.S.C. § 1446, I noted that the Court was not in possession of a copy of the state court complaint, the claims in which would assist the Court in assessing removal jurisdiction.  Doc. Ent. 10 at 11.

In his May 14, 2007 motion, plaintiff seeks in part "amendments to conform to the evidence."  Doc. Ent. 15 at 2.  Plaintiff claims he "has obtained some of the closing documents from Argent['s] motion to dismiss and wishes to reserve the right to amend these facts if appropriate."  Doc. Ent. 15 at 3 ¶ 6.

Attached to plaintiff's motion are several exhibits, including (1) return receipts regarding each of the five (5) original defendants, Doc. Ent. 15 at 11-14; (2) plaintiff's April 5, 2007 state court motion to set aside default and March 30, 2007 state court emergency motion to set aside default judgment and grant an immediate emergency stay, Doc. Ent. 15 at 16-19; (3) the cover page of defendants Countrywide and Wells Fargo's answer and affirmative defenses, Doc. Ent. 15 at 21, and (4) copies of documents related to the state court eviction proceeding or the foreclosure, Doc. Ent. 15 at 23-28.

I have found these documents to be helpful to the background in this case.  This is evidenced by my citation to them in this report.  Therefore, plaintiff's motion is granted to the extent it seeks to make these exhibits part of the record in this case.

**2.     Plaintiff's request to supplement his original complaint without leave is denied.**

**a.**     Plaintiff's May 14th filing seeks to bring "this amended complaint against Argent and Ameriquest Company pursuant to [Fed. R. Civ. P. 15] without leave due to Countrywide and [Wells Fargo's] failure to answer."  Plaintiff alleges that defendants "are in default of 20 days limited to respon[d] back to this court[,]" and that he has attached proof of service.  Doc. Ent. 15 at 2.  *See also* Doc. Ent. 15 at 7.[14]  Elsewhere, plaintiff requests an "[o]rder that this amended complaint supplement Plaintiff's original complaint and in accordance with [Fed. R. Civ. P.] 15 allow this amendment with out need for the Plaintiff to petition for leave due to the Defendants['] failure to yet answer the original complaint[.]" Doc. Ent. 15 at 5 ¶ 1.

To the extent plaintiff is attempting to amend his complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A), the request is denied.  Defendants' April 13, 2007 and May 4, 2007 answers pre-date the instant May 14, 2007 motion.

**b.**     To the extent plaintiff sought to supplement his original complaint pursuant to Fed. R. Civ. P. 15(d), that rule permits the Court "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d) (emphasis added).

**3.     Construing plaintiff's filing as a Rule 15(a)(2) motion for leave to file an amended complaint, his request is conditionally granted.**

**a.     Plaintiff's first amended complaint must include a more definite statement.**

---

[14]Plaintiff also mentions the subject of default in the index of exhibits to his May 14th motion.  Doc. Ent. 15 at 9.  By a report entered December 4, 2007, I recommended that the Court deny plaintiff's May 18, 2007 motion for default judgment.  Doc. Ent. 40.

Plaintiff's index of exhibits also mentions Rule 37(b) sanctions for failure to comply with an order compelling discovery and Rule 54 ("Judgement; Costs").  This opinion does not construe the May 14th filing as seeking relief under these rules.

Fed. R. Civ. P. 12(e) provides in part that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." District courts have a "supervisory obligation to *sua sponte* order repleading pursuant to [Fed. R. Civ. P. 12(e)] when a shotgun complaint fails to link adequately a cause of action to its factual predicates." *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006). *See also Covington v. Cole*, 528 F.2d 1365, 1373 (5th Cir. 1976) ("the court, sua sponte, might require the defendants to formulate and serve a motion for a more definite statement on petitioner under Rule 12(e), F.R.Civ.P., in an effort to ascertain the facts for use in proceedings short of trial.").

**b.     It will supercede the original.**

Plaintiff's index of exhibits to his May 14th filing characterizes his motion as an attempt to join claims and remedies. Doc. Ent. 15 at 9. Upon consideration, I construe plaintiff's May 14, 2007 motion as a Fed. R. Civ. P. 15(a)(2) motion for leave to amend.

The form of plaintiff's request must be addressed. In his May 14, 2007 filing, plaintiff requests that the Court supplement plaintiff's original complaint. Doc. Ent. 15 at 5 ¶ 1. The filing, absent the exhibits, is nine (9) pages in length. It contains a statement of jurisdiction, ¶ 1; an "amended general narrative," ¶¶ 2-6; an amended third cause of action - Truth in Lending Act (TILA) violations by way of recoupment, ¶¶ 7-8; an amended fourth cause of action - RESPA violation, ¶¶ 9-11; and a six-paragraph prayer of relief, ¶¶ 1-6.

"Under the Federal Rules, an amended complaint supercedes the original complaint." *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) (citing cases); *Klyce v. Ramirez*, No. 87-5176, 1988 WL 74155, *3 (6th Cir. July 19, 1988) (quoting

11

*Fritz*, 676 F.2d at 1358); 6 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1476 (2d ed. 1987) ("Effect of an Amended Pleading") ("A pleading that has been amended under Rule 15(a) supercedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.").  Likewise, the Local Rules of this Court provide that "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. Failure to comply with this Rule is not grounds for denial of the motion."  E. D. Mich. LR 15.1.[15]

c.       **It must comply with Fed. R. Civ. P. 8(a).**

As alluded to in the following sections, the substance of plaintiff's request must comply with Fed. R. Civ. P. 8(a).  Rule 8(a) provides that "[a] pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a) ("Claim for Relief.").

In accordance with Rule 8(a), plaintiff's first amended complaint must clearly set forth, among other things, (1) the identification of each defendant; (2) a statement of jurisdiction, such as 28 U.S.C. §§ 1331 ("Federal question") or 28 U.S.C. § 1332 ("Diversity of citizenship;

---

[15]Plaintiff claims that his original complaint is "herein attached[,]" in accordance with E.D. Mich. LR 15.1.  Doc. Ent. 15 at 2.

amount in controversy; costs"); (3) a statement of facts; (4) delineated causes of action, including names of the defendant(s) against whom the counts are brought and the legal bases (statutory or otherwise) for the causes of action; (5) and a claim for relief.[16] This list is not exhaustive, but a combination of the original and amended complaints organized into a pleading in this fashion would assist the Court in accurately determining the bases of plaintiff's claims and the type of relief he seeks.

**d.     It must clearly identify the intended defendants.**

During the May 1, 2007 hearing, plaintiff expressed an interest in continuing this litigation against defendants Wells Fargo, Countrywide and the law firm of Trott & Trott, P.C. Doc. Ent. 18 at 30. On May 2, 2007, Judge Borman filed a stipulated order to dismiss defendants Argent, AMC and Ameriquest. Doc. Ent. 9. Therefore, the only remaining defendants at this time are Countrywide and Wells Fargo.

However, it appears from the instant May 14, 2007 motion that plaintiff wishes to name seven (7) defendants: (1) First Choices Financial Group Inc., described as the mortgage broker that started the loan; (2) Argent Mortgage, described as the initial lender; (3) AMC, described as the mortgage servicer; (4) Ameriquest, described as the mortgage broker and alleged sister company of AMC and Argent Mortgage; (5) Wells Fargo, (6) Countrywide and (7) Trott & Trott Law Firm, described as the debt collector who conducted the foreclosure sale by advertisement. Doc. Ent. 15 at 5-6 ¶ 6; Doc. Ent. 15 at 8.

---

[16]*See also* E. D. Mich. LR 9.1(a) ("Notation of 'Jury Demand' in the Pleading.") ("If a party demands a jury trial by endorsing it on a pleading, as permitted by Fed. R. Civ. P. 38(b), a notation shall be placed on the front page of the pleading, to the right of the caption, stating 'Demand For Jury Trial' or an equivalent statement."). In his May 14, 2007 filing, the jury demand is on the last page of the filing, before the exhibits. Doc. Ent. 15 at 8.

Plaintiff seems to request reinstatement of Argent, AMC and Ameriquest as defendants. Specifically, Argent is mentioned in the amended third cause of action based upon the TILA and in the amended fourth cause of action based upon the RESPA. Doc. Ent. 15 at 4. Argent, AMC and Ameriquest are named in Paragraph 6 of the "Prayer for Relief" at Counts 4, 6, 7 and 8. Likewise, it appears that plaintiff seeks to add new defendants First Choices Financial Group Inc. [First Choices] and Trott & Trott Law Firm [Trott & Trott]). First Choice is named in Counts 4 and 6, each of which are state law claims. Doc. Ent. 15 at 6. Trott & Trott is named in Counts 2, 3, 5, 9, 10.

**e.      It must clearly assert a jurisdictional statement.**

Plaintiff filed his March 23, 2007 complaint on the basis of diversity of citizenship.[17] Specifically, plaintiff's complaint states that "[t]his [C]ourt has jurisdiction due to diversity of the parties[,]" and "[t]he amount in controversy exceeds the amount of $75,000.00." Compl. ¶¶ 6, 7.[18] When plaintiff filed this lawsuit, he described its nature as fraud with respect to personal property. Compl. at 7 ("Civil Cover Sheet").

In the instant filing, plaintiff seeks to amend his complaint to add causes of action based upon federal statutes. This is clear based upon his citations to 28 U.S.C. § 1331 ("Federal question") and § 1337 ("Commerce and antitrust regulations; amount in controversy, costs")

---

[17]Diversity jurisdiction is described at 28 U.S.C. § 1332. In pertinent part, the statute provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Defendants Countrywide and Wells Fargo do not dispute that the Court has diversity jurisdiction. Doc. Ent. 1 at 2 ¶ 6; Doc. Ent. 11 at 2 ¶ 6.

[18]This observation quells the idea that plaintiff's original complaint is based upon a federal statute.

(Doc. Ent. 15 at 2 ¶ 1), as well as his citations to portions of the Consumer Credit Protection Act (CCPA) (15 U.S.C. §§ 1601-1693r); the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. §§ 2601-2617); the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692-1692p); the Truth in Lending Act (TILA) (15 U.S.C. §§ 1601-1677f); the Equal Credit Opportunity Act (ECOA) (15 U.S.C. §§ 1691-1691f); and sections of the Code of Federal Regulations, Part 226 (Truth In Lending (Regulation Z)).[19]

However, it is also clear that plaintiff seeks to simultaneously maintain state law causes of action as well. Of the ten (10) counts set forth in Paragraph 6 of plaintiff's "Prayer of Relief," Counts 1, 2, 4, 6, 8 and 10 are state law claims, while Counts 3, 5, 7 and 9 are federal claims. Doc. Ent. 15 at 5-7 ¶ 6. *See* 28 U.S.C. § 1367 ("Supplemental jurisdiction").

**f.      The causes of action must be clarified.**

In his May 14, 2007 filing, plaintiff attempts to add certain causes of action. For example, plaintiff's amended third and fourth causes of action are TILA and RESPA claims against Argent. Within these proposed amendments, plaintiff cites (1) the TILA, specifically 15 U.S.C. § 1638 ("Transactions other than under an open end credit plan") and § 1641 ("Liability

---

[19]The subchapters of the CCPA were recently explained by the 1st Circuit as follows: "**Subchapter I of the Consumer Credit Protection Act is the Truth in Lending Act ("TILA")**, 15 U.S.C. § 1601 et seq. , which imposes disclosure requirements on creditors. **Subchapter II places restrictions on garnishment of compensation**, 15 U.S.C. § 1671 et seq. **Subchapter II-A is the Credit Repair Organizations Act**, 15 U.S.C. § 1679 et seq. , which protects consumers from unfair trade practices by credit repair organizations. **Subchapter III is the FCRA**, 15 U.S.C. § 1681 et seq. , which primarily regulates credit reporting agencies but also places requirements on users of credit information from these agencies. **Subchapter IV is the Equal Credit Opportunity Act**, 15 U.S.C. § 1691 et seq., which prohibits discrimination in the extension of credit. **Subchapter V is the Fair Debt Collection Practices Act**, 15 U.S.C. § 1692 et seq. **Subchapter VI is the Electronic Fund Transfer Act**, 15 U.S.C. § 1693 et seq. , which regulates the participants in electronic fund transfer systems." *Sullivan v. Greenwood Credit Union*, 520 F.3d 70, 73 (1st Cir. 2008) (emphasis added).

of assignees"); (2) Truth in Lending (Regulation Z), 12 C.F.R. Part 226, specifically § 226.4 ("Finance charge.") and § 226.18 ("Content of disclosures."); and (3) the RESPA, specifically § 2605(a) ("Disclosure to applicant relating to assignment, sale, or transfer of loan servicing"). Doc. Ent. 15 at 4.

Also, paragraph 6 of the "Prayer of Relief" in plaintiff's proposed amendment appears to include ten (10) causes of action:

(1)      a violation of Mich. Comp. Laws § 600.3216 (Sale; time, place)[20] by Wells Fargo and Countrywide;

(2)      a violation of the Michigan Consumer Protection Act (MCPA), Mich. Comp. Laws §§ 445.901, *et seq.*, against Wells Fargo, Countrywide and Trott & Trott;

(3)      a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692-1692p, against Wells Fargo, Countrywide and Trott & Trott;

(4)      a violation of the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act, Mich. Comp. Laws § 445.1651, et seq., against Argent, Ameriquest, First Choice and AMC;

(5)      a violation of the FDCPA against Countrywide, Wells Fargo and Trott & Trott;

(6)      fraud and misrepresentation by Argent, AMC, Ameriquest, Wells Fargo, Countrywide, and First Choices Financial Group, Inc.;[21]

(7)      a violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1635(f)

---

[20]"The sale shall be at public sale, between the hour of 9 o'clock in the forenoon and 4 o'clock in the afternoon, at the place of holding the circuit court within the county in which the premises to be sold, or some part of them, are situated, and shall be made by the person appointed for that purpose in the mortgage, or by the sheriff, undersheriff, or a deputy sheriff of the county, to the highest bidder." Mich. Comp. Laws § 600.3216.

[21]According to plaintiff, "all the part[ies] . . . know that this mortgage was not valid from the beginning but keeping this matter going in fraud and misrepresentation." Doc. Ent. 15 at 6 ¶ 6.

("Time limit for exercise of right"), and Regulation Z, 12 C.F.R. § 226.19 ("Certain residential mortgage and variable-rate transactions."), as to Argent, Ameriquest and AMC;

(8)     unjust enrichment against Argent, Ameriquest, AMC, Wells Fargo and Countrywide;

(9)     a violation of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691-1691f, against Wells Fargo, Countrywide and Trott & Trott;

(10)    legal malpractice against Trott & Trott.[22]

Doc. Ent. 15 at 5-7.

Again, I note that the Court has a "supervisory obligation to *sua sponte* order repleading pursuant to [Fed. R. Civ. P. 12(e)] when a shotgun complaint fails to link adequately a cause of action to its factual predicates." *Wagner,* 464 F.3d at 1275. Furthermore, although the instant motion is not one based on Fed. R. Civ. P. 12(b)(6), it has been stated in the context of a 42 U.S.C. § 1983 action that "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citation omitted).[23] Therefore, I will permit plaintiff to file an amended complaint and make the

---

[22]Count 10 alleges that "there are so many case file[d] against [Trott & Trott] for the[ir] practice on how they handle[] collection matter[s]." Doc. Ent. 15 at 6 ¶ 6. The description of this Count mentions attorney Kevin H. Breck (counsel for Argent, AMC, and Ameriquest), a joint answer and affirmative defenses, and the law firms of Clark Hill and Bodman. To be clear, the April 13, 2007 answer was filed by attorney Breck of the Clark Hill law firm on behalf of defendants Argent, AMC and Ameriquest. Doc. Ent. 3. The May 4, 2007 answer was filed by attorney Brian Summerfield of the Bodman law firm on behalf of defendants Countrywide and Wells Fargo. Doc. Ent. 11 at 1, 8.

[23]*See also Barreto v. Dillon*, No. 06-0962-CV, 2007 WL 4102742, *1 (2d Cir. Nov. 19, 2007) ("a pro se plaintiff should be afforded an opportunity to amend his complaint prior to its dismissal for failure to state a claim unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.") (citing, *inter*

following observations (in lieu of denying in part and granting in part plaintiff's Rule 15(a)(2) motion to amend):

**i.**      Plaintiff's May 14, 2007 filing seeks the addition of a TILA claim against Argent, Ameriquest and AMC.  Doc. Ent. 15 at 4 ¶¶ 7-8; Doc. Ent. 15 at 6 (Count 7).  In the "Amended General Narrative" of the instant filing, plaintiff alleges that "the AFC failed to give any TILA disclosures[.]"  Doc. Ent. 15 at 3 ¶ 4.

I note that plaintiff's TILA claim is based upon 15 U.S.C. §§ 1635(f), 1638 and 1641.  In the "Amended Third Cause of Action TILA Violations by Way of Recoupment", plaintiff claims that "[i]n the course of this consumer credit transaction Argent Mortgage failed to deliver all 'material' and 'technical' disclosures required by the [TILA] and Regulation Z, including the following but not limited to: There w[ere] no TILA disclosures giv[en] during the transaction, this includes all disclosures required pursuant to 15 USC 1638, 12 C.F.R. 226.18, and 226.4."  Doc. Ent. 15 at 4 ¶ 7.  Plaintiff also cites 15 U.S.C. § 1641 ("Liability of assignees").  Doc. Ent. 15 at 4 ¶ 8.  Elsewhere, plaintiff mentions a violation of 15 U.S.C. § 1635(f) ("Time limit for exercise of right"), and Regulation Z, 12 C.F.R. § 226.19 ("Certain residential mortgage and variable-rate transactions."), as to Argent, Ameriquest and AMC.  Doc. Ent. 15 at 6 ¶ 6 (Count 7).

To be sure, as stated by defendants Argent, AMC and Ameriquest's response, it appears

_____

*alia*, 28 U.S.C. § 1915(e)(2)(B)(ii)); *Dopp v. Loring*, 54 Fed. Appx. 296, **2 (10th Cir. 2002) ("The district court, therefore, erred in dismissing plaintiff's complaint with prejudice without first giving him an opportunity to amend his complaint to cure any deficiencies."); *Stanko v. Fisher*, No. 94-35503, 1995 WL 72398 (9th Cir. Feb. 22, 1995) (in a 42 U.S.C. § 1983 case, "[b]efore dismissing a complaint for failure to state a claim, the district court should notify the pro se plaintiff of the complaint's deficiencies and provide the plaintiff an opportunity to amend.") (citation omitted).

that Argent enclosed certain documentation in an April 11, 2005 letter addressed to Foster at the property in question, among which were a Truth-in-Lending Disclosure; a Good Faith Estimate and a Disclosure Statement. Doc. Entries 19 at 4, 19-6 at 2. In fact, within the response exhibit is a "Good Faith Estimate". Doc. Ent. 19-6 at 3.[24] Furthermore, on April 28, 2005, the date of the mortgage, Foster signed a Truth-In-Lending Disclosure Statement (Doc. Ent. 19-4 at 2); a RESPA Servicing Disclosure estimating that the servicing of the loan would be assigned, sold or transferred to AMC Mortgage Services, Inc. (Doc. Ent. 19-5 at 2) and a settlement statement (HUD.1) noting a new loan principal of $351,000 (Doc. Ent. 19-7 at 2). Defendants Argent, AMC and Ameriquest contend that "the factual underpinnings supporting Plaintiff's motion are simply incorrect." Doc. Ent. 19 at 5. Relying upon the aforementioned exhibits, they claim that "Plaintiff received all of the disclosures he should have[.]" Doc. Ent. 19 at 5.

Defendants' reference to these exhibits in response to a Rule 15(a)(2) motion to amend would be more appropriate in response to a motion for summary judgment. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility. 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Holst v. Oxman*, __ Fed.Appx.__, 2008 WL 3919399, 1 -2 (3d Cir. Aug. 27, 2008) (slip copy) (quoting

---

[24]The Good Faith Estimate appears to be dated April 11, 2006, which I assume to be either a typographical error or a poor photocopy.

*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir.2000)). I am not convinced that plaintiff's efforts with respect to this claim are futile in substance as defined by *Holst*.

However, the procedural viability of such a claim is questionable. Defendants contend that the statute of limitations bars plaintiff's proposed amendment. Doc. Ent. 19 at 5. Plaintiff's May 14th filing specifically invokes the Court's jurisdiction pursuant to 15 U.S.C. § 1640 ("Civil liability"). Doc. Ent. 15 at 2-3. However, Subsection (e) provides in part that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).[25] Plaintiff's loan, as noted above, originated on April 28, 2005 and the instant complaint was filed on March 23, 2007. Citing Section 1640(e), defendants argue that "all of Plaintiff's TILA based claims . . . are barred by the one-year statute of limitations found in TILA." Defendants state that "[i]t is clear that the alleged TILA violations, if they occurred at all, occurred no later than the date of closing, which was April 28, 2005." Doc. Ent. 19 at 5. Therefore, plaintiff's TILA claim appears to be untimely.

"A finding of futility 'requires the [c]ourt to determine that the proposed amendment is subject to dismissal or so wholly and patently lacking in merit that it cannot possibly succeed.'" *Tommaseo v. United States*, 80 Fed.Cl. 366, 375 (Fed.Cl. 2008) (quoting *The Centech Group, Inc. v. United States*, 78 Fed.Cl. 658 (2007)). "An amendment is not 'deemed futile as long as

_____

[25]However, Subsection (e) also provides that "[t]his subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law." 15 U.S.C. § 1640(e). In the instant case, Foster is the plaintiff and his complaint is not an action to collect the debt.

the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.'" *Mangan v. Rumo*, 208 F.R.D. 468, 468-469 (D.Me.,2002) (quoting *Hatch v. Dep't for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir.2001)).

I recognize that "[a] motion to amend, where the amended claims are barred by the statute of limitations, can be denied for futility." *Doe v. United States*, 112 F.Supp.2d 398, 402 (D.N.J. 2000) (28 U.S.C. § 2255). However, an assertion that a claim is barred by the statue of limitations may be countered with an argument that the statute has been tolled. For example, in *Mangan*, the court observed, "[b]y alleging that the defendant moved to New Hampshire during the winter of 2001, the plaintiff ha[d] a basis for tolling the statute of limitations for a period sufficient to cover the twenty-four day gap. As a result, the amendments, if allowed, cure the deficiency raised by the defendant's statute of limitations defense so far as pleading is concerned, and thus [we]re not futile." *Mangan*, 208 F.R.D. at 469. Whatever the viability of a tolling claim may be in the case at bar, to deny with prejudice at this time plaintiff's request to amend his complaint to bring a TILA claim would prevent the opportunity for him to argue that his claim is tolled.

At this time, it cannot be said with certainty that plaintiff's TILA claim(s) are barred by the statute of limtations and "cannot possibly succeed." *Tommaseo*, 80 Fed.Cl. at 375. Accordingly, at this time, it cannot be said that an effort to amend his complaint to reflect such a claim is futile. I decline to conclude that plaintiff's first amended complaint may not include a properly pled TILA claim against Argent and/or Ameriquest and/or AMC (Doc. Ent. 15 at 3 ¶ 4, Doc. Ent. 15 at 4 ¶¶ 7-8, Doc. Ent. 15 at 6 (Count 7)). Instead, defendants may assert any

affirmative defenses in answer to the complaint, and the viability of any such defense may be addressed on a motion to dismiss the first amended complaint.[26]

ii.     Plaintiff's motion to amend his complaint seeks the addition of a RESPA claim based upon 15 U.S.C. §§ 2603, 2604 and 2605(a).  Doc. Ent. 15 at 3 ¶¶ 1, 4; Doc. Ent. 15 at 4-5 ¶¶ 9-11.  The RESPA is codified at 12 U.S.C. § 2601-2617.  In the "Jurisdiction" section of plaintiff's proposed amended complaint, he cites to 12 U.S.C. § 2614 ("Jurisdiction of courts; limitations"), which provides that "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation[.]" 12 U.S.C. § 2614; Doc. Ent. 15 at 2-3 ¶ 1.

In the "Amended General Narrative" of plaintiff's proposed amended complaint, plaintiff alleges that AFC "failed to provide whom the servicer was going to be, failed to give a good faith estimate, and failed to give a HUD-1."  He cites to 12 U.S.C. § 2603 ("Uniform settlement statement"), 12 U.S.C. § 2604 ("Special information booklets") and 12 U.S.C. § 2605(a).  Specifically, he states that he did not receive the disclosures required by these statutes.  Doc. Ent. 15 at 3 ¶ 4.

---

[26]I note that plaintiff's complaint cites to 12 C.F.R. §§ 226.4 (Doc. Ent. 15 at 4 ¶ 7), 226.18 (Doc. Ent. 15 at 3 ¶ 4, 4 ¶ 7) and 226.19 (Doc. Ent. 15 at 6 ¶ 6 (Count 7).  These sections are encompassed by Part 226 of the Code of Federal Regulations, which is captioned, "Truth in Lending (Regulation Z)" and is represented by 12 C.F.R. §§ 226.1 - 226.30.  To the extent plaintiff intends to allege claims based independently on 12 C.F.R. §§ 226.4, 226.18 and 226.19 of the Code of Federal Regulations, in other words claims independent of the aforementioned TILA claims, he is encouraged to make those allegations compliant with Fed. R. Civ. P. 8(a).

Plaintiff cites 12 U.S.C. § 2604 in the first paragraph (jurisdiction) and the fourth paragraph (amended general narrative). Doc. Ent. 15 at 2-3 ¶¶ 1, 4. Perhaps plaintiff is referring to 12 U.S.C. § 2604(c), which governs "Estimate of charges" and which states "Each lender shall include with the booklet a *good faith estimate* of the amount or range of charges for specific settlement services the borrower is likely to incur in connection with the settlement as prescribed by the Secretary." 12 U.S.C. § 2604(c) (emphasis added).

Within the "Amended Fourth Cause of Action Violation of RESPA" section, plaintiff claims that "[i]n the course of this consumer transaction Argent Mortgage Company violated [12 U.S.C. § 2605(a)] by failing to provide the Plaintiff a notice of whom the servicer was." Doc. Ent. 15 at 4 ¶ 10. Title 12, Section 2605 governs "Servicing of mortgage loans and administration of escrow accounts". Subsection (a) provides:

> (a) Disclosure to applicant relating to assignment, sale, or transfer of loan servicing
>
> Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding.

12 U.S.C. § 2605(a).

To be sure, the exhibits to defendants Argent, AMC and Ameriquest's response show that on April 28, 2005, plaintiff signed a RESPA Servicing Disclosure estimating that the servicing of the loan would be assigned, sold or transferred to AMC Mortgage Services, Inc. Doc. Ent. 19-5 at 2. Defendants also attach an April 11, 2005 letter from Argent to plaintiff (Doc. Ent. 19-6 at 2) and within the same exhibit is a "Good Faith Estimate" (Doc. Ent. 19-6 at 3). Furthermore, to the extent plaintiff seeks to amend his complaint to add a claim based upon 12

23

U.S.C. § 2603 for failure to give him a HUD-1, plaintiff signed a HUD.1 Settlement Statement. Doc. Ent. 19-7 at 2-3.

Nonetheless, in addition to the fact that the basis for plaintiff's 12 U.S.C. § 2604 claim is unclear, defendants' reference to these exhibits in response to a Rule 15(a)(2) motion to amend would be more appropriate in response to a motion for summary judgment. I am not convinced that plaintiff's efforts with respect to this claim are futile as defined by *Holst*. Therefore, plaintiff is permitted to file a first amended complaint which includes a RESPA claim against Argent (Doc. Ent. 15 at 3-4).

**iii.** In their response, defendants Countrywide and Wells Fargo assert that Paragraph 6 of the prayer for relief is "mostly incomprehensible[,]" and that "[t]o the extent that plaintiff is seeking any relief against or related to defendants Wells Fargo and Countrywide, Countrywide and Wells Fargo respectfully request that the Court deny it." Doc. Ent. 20 at 2 n.1.

Plaintiff alleges a violation of the ECOA, 15 U.S.C. §§ 1691-1691f, against Wells Fargo, Countrywide and Trott & Trott (Doc. Ent. 15 at 6 ¶ 6 (Count 9)), the basis for such a claim is unclear. For example, 15 U.S.C. § 1691(a) provides:

> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction--
>
> (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);
>
> (2) because all or part of the applicant's income derives from any public assistance program; or
>
> (3) because the applicant has in good faith exercised any right under this chapter.

15 U.S.C. § 1691(a) ("Activities constituting discrimination"). It is not clear from plaintiff's description on what basis he brings his ECOA claim. Therefore, such an amendment would not

satisfy Fed. R. Civ. P. 8(a)(2)[27] and would, likewise, not survive a Rule 12(b)(6) motion to dismiss.

**iv.**     Plaintiff also asserts a violation of the FDCPA, 15 U.S.C. § 1692-1692p, against Wells Fargo, Countrywide and Trott & Trott.  Doc. Ent. 15 at 6 ¶ 6 (Counts 3 and 5).  "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

Plaintiff asserts that "[o]n December 1, 2005 the Plaintiff['s] home was sold under the guise of power of sale[,]" and references his original complaint.  Doc. Ent. 15 at 3 ¶ 5.  Also, he claims Count 3 and 5 are based upon conduct relating to the foreclosure and collection notices.  Doc. Ent. 15 at 6 ¶ 6.  However, to the extent plaintiff seeks to amend his complaint to bring an FDCPA claim against Countrywide, Wells Fargo and Trott & Trott for conduct related to the foreclosure and collection notices, Counts 3 and 5 do not make clear the allegedly violative debt collection practice, i.e. the conduct, which forms the basis of his complaint.

**v.**     There remains the matter of plaintiff's attempt to amend his complaint to bring the state law claims set forth in Paragraph 6 of the "Prayer of Relief" - Count 1 (Mich. Comp. Laws § 600.3216); Count 2 (Mich. Comp. Laws §§ 445.901, et seq.), Count 4 (Mich. Comp. Laws §§ 445.1651, et seq.), Count 6 (fraud and misrepresentation), Count 8 (unjust enrichment), and Count 10 (legal malpractice).  Doc. Ent. 15 at 5-7.

---

[27]"A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

The statutory counts, as they currently stand, are conclusory in nature. For example, Chapter 32 of Michigan Compiled Laws (§§ 600.3201-600.3285) governs "Foreclosure of Mortgages by Advertisement".[28] Count 1 specifically alleges a violation of Mich. Comp. Laws § 600.3216 ("Sale; time, place"). However, it does not allege what Wells Fargo and Countrywide did to violate the statute.

Also, the Michigan Consumer Protection Act is set forth at Mich. Comp. Laws §§ 445.901-445.922. Count 2 alleges a violation of Mich. Comp. Laws §§ 445.901, et seq. However, it does not allege what Wells Fargo, Countrywide and debt-collector Trott & Trott did to violate the MCPA while conducting the foreclosure by advertisement.

Furthermore, the Mortgage Brokers, Lenders, and Servicers Licensing Act is set forth at Mich. Comp. Laws §§ 445.1651-445.1668e. Count Four alleges a violation of the MBLSA (Mich. Comp. Laws §§ 445.1651, et seq.). However, it does not allege what Argent, Ameriquest, First Choice and AMC did to violate the MBLSA.[29]

The common-law claims, as set forth in the May 14th filing, are also conclusory. For example, Count 6 alleges fraud and misrepresentation on the part of several defendants, because they allegedly knew that his mortgage was invalid from the start but kept pursuing the matter. Doc. Ent. 15 at 6. Fed. R. Civ. P. 9(b) provides in part:

(b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party

---

[28]Perhaps this is the Chapter upon which Count Five of plaintiff's original complaint is based, because that count refers to "foreclosure by advertisement". Doc. Ent. 1 at 5 ¶ 38.

[29]As an additional note, Chapter 31 of Michigan Compiled Laws (§§ 600.3101-600.3185) governs "Foreclosure of Mortgages and Land Contracts". Perhaps this is the Chapter upon which Count Four of plaintiff's original complaint is based, because that count refers to attempts to payoff the mortgage, and Mich. Comp. Laws § 600.3140 concerns redemption.

must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). "To show fraud or misrepresentation, a plaintiff must establish the following elements: (1) the defendant made a material misrepresentation; (2) it was false; (3) when it was made, the defendant either knew it was false or made it recklessly without knowledge of its truth or falsity; (4) the defendant made it with the intent that the plaintiff would act upon it; (5) the plaintiff acted in reliance on it; and (6) the plaintiff suffered damage." *International Broth. of Elec. Workers, Local Union No. 58 v. McNulty*, 214 Mich.App. 437, 447, 543 N.W.2d 25, 30 (1995) (citing *Arim v. General Motors Corp.*, 206 Mich.App. 178, 195, 520 N.W.2d 695 (1994)). As phrased, Count 6 does not adequately allege Michigan's definition of fraud or misrepresentation.

Count 8 alleges unjust enrichment against several defendants but does not allege how the defendants were unjustly enriched. At this point, the Court can only guess that plaintiff is talking about payments made to the previous mortgagee.[30] "The elements of a claim for unjust enrichment are: (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant. In such instances, the law operates to imply a contract in order to prevent unjust enrichment. However, a contract will be implied only if there is no express contract covering the same subject matter." *Barber v. SMH (US), Inc.*, 202 Mich.App. 366, 375, 509 N.W.2d 791, 796 (1993) (internal citations omitted).

---

[30]Perhaps this was the claim intended by Count One of the original complaint, wherein plaintiff alleged, *inter alia*, "Argent Mortgage accepted payments from the Defendant after they were no longer authorized to take payments." Doc. Ent. 1 at 3 ¶ 15.

Finally, Count 10 alleges a claim of legal malpractice as to Trott & Trott "because there are so many case[s] file[d] against [them] for the[ir] practice on how they handle[] collection matter[s]." Doc. Ent. 15 at 6. "In order to state an action for legal malpractice, the plaintiff has the burden of adequately alleging the following elements: (1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was a proximate cause of an injury; and (4) the fact and extent of the injury alleged." *Simko v. Blake*, 448 Mich. 648, 655, 532 N.W.2d 842, 846 (1995) (citations omitted). For example, Foster does not allege "the existence of an attorney-client relationship[.]" *Simko*, 448 Mich. at 655.

**g.    The amended complaint must comply with Fed. R. Civ. P. 8(a)(3).**

Fed. R. Civ. P. 8(a), provides in part that "[a] pleading that states a claim for relief must contain: . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). In his original complaint, plaintiff set forth his relief sought within each of the five counts. Doc. Ent. 1 ¶¶ 16, 20, 26, 33 and 40.

However, the May 14, 2007 filing contains six (6) paragraphs in the "Prayer of Relief", which appear to be a mixture of relief sought on resolution of the motion to amend and relief sought at the time of judgment in plaintiff's favor. For example, paragraph 1 and most of paragraph 6 consist of relief sought on resolution of the motion to amend. Paragraphs 3, 4 and 5 appear to be relief sought at the time of judgment in plaintiff's favor. However, paragraphs 2 of the "Prayer of Relief," which requests an award of costs and attorney fees could be applicable to

28

either the resolution of the motion to amend[31] or at the time of judgment in plaintiff's favor. *See* Doc. Ent. 15 at 5-7 ¶¶ 1-6.

Plaintiff's first amended complaint must contain requests for relief, whether they are set forth as to each individual claim or whether they are set forth in a section of their own. Whatever the organization, these requests for relief must comply with Rule 8(a)(3).

## II. __ORDER__:

In accordance with the foregoing, plaintiff's May 14, 2007 motion (Doc. Ent. 15) is GRANTED IN PART and DENIED IN PART. Plaintiff has leave to file a first amended complaint no later than Monday, January 15, 2009. This complaint, when filed, will supercede the March 23, 2007 complaint and must comply with the requirements set forth above in this order.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated 12/16/08

---

[31]To the extent, if at all, plaintiff seeks an award of costs and attorney fees associated with resolution of his May 14, 2007 filing, his request is denied.

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on December 16, 2008.

s/Eddrey Butts
Case Manager