UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARZEL L. FOSTER, III,

    Plaintiff,

                       CASE NO. 07-CV-11250-DT
                       JUDGE PAUL D. BORMAN
                       MAGISTRATE JUDGE PAUL J. KOMIVES
  v.

ARGENT MORTGAGE COMPANY, L.L.C.;
AMC MORTGAGE COMPANY;
AMERIQUEST MORTGAGE;
COUNTRY WIDE HOME LOANS, INC. and
WELLS FARGO BANK, N.A.,

    Defendants.
    _____/

### REPORT AND RECOMMENDATION REGARDING
### DEFENDANTS' JUNE 13, 2007 MOTION TO DISMISS (Doc. Ent. 21)

**I.**     **RECOMMENDATION:** The Court should deny defendants Countrywide and Wells Fargo's June 13, 2007 motion to dismiss without prejudice. Doc. Ent. 21.

**II.**     **REPORT:**

**A.**     **The Instant Complaint**

A complete background of this case is contained within my order entered this date. Here, it is enough to say that on March 23, 2007, Foster filed a complaint in this Court "for an illegal foreclosure by advertisement, breach of contract, fraud by misrepresentation, actual fraud, negligence and slander of title." Doc. Ent. 1 at 1-2. The property in question is located at 19165 Midway Road, Southfield, Michigan 48075.[1] Doc. Ent. 1 at 3-6 ¶¶ 14, 15, 24, 26, 28, 35 and 40.

---

[1] This was plaintiff's address of record. However, on August 10, 2007, I directed the Clerk of the Court to change plaintiff's address of record to Post Office Box 35499, Detroit, MI 48235. Doc. Ent. 33 at 2.

The caption of the complaint lists the defendants as Argent; AMC; Ameriquest; Countrywide and Wells Fargo. Compl. at 1. Although the "Jurisdiction" portion of plaintiff's complaint only lists four (4) defendants (Doc. Ent. 1 at 2 ¶¶ 2-5), the complaint contains five (5) counts - each attributable to a defendant; therefore, it is clear that plaintiff intended to also name Ameriquest as a defendant. Doc. Ent. 1 at 1, Doc. Ent. 1 at ¶¶ 8-16 (Argent), 17-20 (AMC), 21-26 (Ameriquest), 27-33 (Countrywide), 34-41 (Wells Fargo).

Defendants Argent, AMC and Ameriquest filed an answer to the complaint and affirmative defenses on April 13, 2007. Doc. Ent. 3. However, on May 2, 2007, Judge Borman filed a stipulated order to dismiss defendants Argent, AMC and Ameriquest. Doc. Ent. 9. On May 4, 2007, defendants Countrywide and Wells Fargo filed an answer and affirmative defenses. Doc. Ent. 11. Therefore, the only remaining defendants at this time are Countrywide and Wells Fargo.

**B.      Countrywide and Wells Fargo's June 13, 2007 Motion to Dismiss**

On June 13, 2007, defendants Countrywide and Wells Fargo filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Doc. Ent. 21. Defendants seek dismissal of plaintiff's claims with prejudice. Doc. Ent. 21 at 5, 11. Specifically, defendants argue that (A) "[p]laintiff is not entitled to special treatment from the Court as a *pro se* civil litigant[;]" (B) "[p]laintiff's claims are barred by collateral estoppel and res judicata[;]" and (C) "[t]he Court should dismiss this action because plaintiff has failed to state a claim upon which relief can be granted." Doc. Ent. 21 at 6-11.[2]

---

[2]The proof of service attached to the June 13, 2007 motion indicates that defendants Countrywide and Wells Fargo sent plaintiff's copy of the motion to 191 Midway Road, Southfield, Michigan 48075. Doc. Ent. 21 at 12. Countrywide and Wells Fargo did so, even though plaintiff's address on his May 14, 2007 motion is listed as P. O. Box 35499, Detroit, Michigan 48235. Doc. Ent. 15 at 7.

On June 20, 2007, Judge Borman referred this motion to me for entry of a report and recommendation. Doc. Ent. 22. On July 9, 2007, I entered a scheduling order setting plaintiff's response deadline for Friday, August 10, 2007. Doc. Ent. 24. However, plaintiff's copy was returned as undeliverable. Doc. Ent. 26. On August 10, 2007, I entered a scheduling order setting plaintiff's response deadline for Tuesday, August 21, 2007. Doc. Ent. 33. In part, my August 10, 2007 order directed the Clerk of the Court to change plaintiff's address of record to the Detroit Post Office address. Doc. Ent. 33 at 2. Plaintiff has not filed a response.

**C.    Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 12 sets forth rules regarding defenses and objections. As to how defenses should be presented, the rule states in pertinent part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]

Federal Rules of Civil Procedure 12(b)(6). "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).[3]

---

[3] Although defendants' June 13, 2007, dispositive motion is labeled solely as a motion to dismiss, defendants have attached several exhibits to their filing. To be sure, defendants' five-page Exhibit E (Doc. Ent. 21-7) was also attached to plaintiff's May 14th filing (Doc. Ent. 15 at 24-28). However, if the Court agrees with my recommendation that the instant Rule 12 motion should be denied without prejudice in light of my December 15, 2008 order, then the Court need not consider whether the instant motion should be treated as a Rule 56 motion, because the same

3

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1965 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true[.]" *Bell Atlantic Corp.*, 127 S. Ct. at 1965 (citations and quotations omitted). It is not enough that "the pleadings [leave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id*. at 1968. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1970. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. Claims should be "nudged . . . across the line from conceivable to plausible" to avoid dismissal. *Id.*

The reviewing court must construe the complaint in the light most favorable to plaintiff and must presume all factual allegations in the complaint as true. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The purpose of Rule 12(b)(6) is to give defendant the opportunity to test whether plaintiff is entitled to legal relief as a matter of law even if everything alleged in the complaint is true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). A

---

recommendation would apply.

dismissal under Rule 12(b)(6) is generally disfavored by courts, as it is a dismissal on the merits. 2A JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 12.07 (2d ed. 1995).

**D.     The Court Should Deny Defendants' Countrywide and Wells Fargo's Motion to Dismiss Without Prejudice in Light of My December 15, 2008 order.**

By an order entered this date, I have granted in part and denied in part plaintiff's May 14, 2007 motion. Doc. Ent. 41. In pertinent part, I construed plaintiff's filing as a Fed. R. Civ. P. 15(a)(2) motion for leave to file an amended complaint and conditionally granted his request. Doc. Ent. 41 (Section I.D.3). Specifically, I ordered that plaintiff has leave to file a first amended complaint no later than Monday, January 15, 2009. My order states that the first amended complaint, when filed, will supercede the March 23, 2007 complaint and must comply with the requirements set forth in this order. Doc. Ent. 41 at 29.

**1.     The issue of whether the claims in plaintiff's March 23, 2007 complaint are barred by collateral estoppel and res judicata will be moot if plaintiff files a first amended complaint, because the first amended complaint will supercede the March 23, 2007 complaint.**

According to defendants Countrywide and Wells Fargo, "[p]laintiff failed to make payments on the loan. The mortgage was foreclosed and Wells Fargo purchased the mortgaged property at the foreclosure sale." Doc. Ent. 21 at 3. It is these defendants' position that "[b]ecause plaintiff failed to redeem the property, title to it became vested in Wells Fargo. Wells Fargo sued plaintiff to recover possession of the property in State of Michigan 36th District Court, which has entered a judgment in Wells Fargo's favor." Doc. Ent. 21 at 3.

Citing Judge Moiseev's landlord-tenant default judgment providing that Wells Fargo Bank had a right to possession, defendants argue that "[t]he 46th District Court has already determined that Wells Fargo is entitled to possession of the Property." Doc. Ent. 21 at 7, Doc.

5

Ent. 21-9 at 2. Defendants contend that "[t]o the extent that plaintiff's complaint involves his right to possess the Property (which includes the underlying validity of the foreclosure process), he should be barred by res judicata or collateral estoppel." Doc. Ent. 21 at 7.

Among the papers filed in the state court case, are a one-page, termination of tenancy (landlord - tenant) complaint (Doc. Ent. 15 at 23); the March 14, 2007 summons (landlord-tenant / land contract) (Doc. Ent. 21-8 at 2-3); Judge Moiseev's March 26, 2007 judgment (landlord-tenant), wherein the state court found default and found that Wells Fargo had a right to possess the property in question (Doc. Ent. 7 at 5; Doc. Ent. 21-9 at 2); and plaintiff's April 5, 2007 motion to set aside default (Doc. Ent. 7 at 7, 10; Doc. Ent. 15 at 16-17). Furthermore, according to attorney Breck's representation at the May 1, 2007 hearing, Judge Moiseev signed an order of eviction on April 30, 2007. Doc. Ent. 18 at 23.

As defendants point out, "[r]es judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. A second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Sewell v. Clean Cut Management, Inc.*, 463 Mich. 569, 621 N.W.2d 222 (2001) (internal citations omitted). "For collateral estoppel to apply, a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment. In addition, the same parties must have had a full opportunity to litigate the issue, and there must be mutuality of estoppel." *Storey v. Meijer, Inc.*, 431 Mich. 368, 373 n.3, 429 N.W.2d 169, 172 (1988).[4]

---

[4]"[W]e apply state law when our jurisdiction rests on diversity of citizenship, and the adjudication argued to have preclusive effect (under either res judicata or collateral estoppel) was issued by a state tribunal." *Jarrard v. CDI Telecommunications, Inc.*, 408 F.3d 905, 916 (7th

Nonetheless, in light of my order entered this date, whether the claims in plaintiff's March 23, 2007 complaint are barred by collateral estoppel and res judicata will be moot if plaintiff files a first amended complaint, because the first amended complaint will supercede the March 23, 2007 complaint. Accordingly, defendants' June 13th motion to dismiss should be denied without prejudice to filing a motion to dismiss in response to any first amended complaint filed by plaintiff or to renewing its motion to dismiss if plaintiff does not file a first amended complaint.

**2. Likewise, the issue of whether plaintiff's March 23, 2007 complaint states claims upon which relief may be granted against Countrywide and Wells Fargo will be moot if plaintiff files the first amended complaint, because the first amended complaint will supercede the March 23, 2007 complaint.**

**a. Plaintiff's claim against Countrywide**

Count IV of the March 23, 2007 complaint is brought against Countywide. Specifically, it states:

> 28. Country Wide Home Loan, Inc was enforcing a Mortgage on the Plaintiff property located at 19165 Midway Rd. Southfield, Mi 48075 that the Plaintiff has no knowledge of.
> 29. Country Wide Home Loan, Inc committed fraud by misrepresentation by having the Plaintiff believe that a foreclosure [was] not going to be perform[ed] until August of 2006.
> 30. There's no proof that Country Wide Home Loan, Inc. was authorized to receive a note/mortgage from Ameriquest Mortgage.
> 31. Country Wide Home Loan, Inc. received money from the Plaintiff due to a void mortgage from Argent Mortgage.
> 32. Country Wide Home Loan, Inc. refuse[d] to respond to a pay off numerous times from different buyers (from banks and other individuals), therefore []forcing the Plaintiff into an allege[d] foreclosure by not accepting payoff from anyone.

---

Cir. 2005). *See also Hackler v. Indianapolis & Southeastern Trailways, Inc.*, 437 F.2d 360, 362 (6th Cir. 1971) ("[S]tate law determines the applicability of the doctrine of collateral estoppel in a diversity case.").

Doc. Ent. 1 at 4-5 ¶¶ 28-32. As to Count IV, plaintiff requests "that this Court grant a money damages for stress and bad health due to Country Wide Home Loan, Inc. putting the Plaintiff through this hardship." Doc. Ent. 1 at 5 ¶ 33.

Defendants argue that plaintiff has not stated a claim against Countrywide upon which relief may be granted. Doc. Ent. 21 at 8-10. It is defendants' position that the allegations contained in ¶¶ 28-32 of the complaint "are insufficient to state a claim against Countrywide and should be dismissed for several reasons." Doc. Ent. 21 at 8.

Defendants Countrywide and Wells Fargo's first, third and fourth arguments are that ¶¶ 28, 30 and 31 are nonsensical, vague and/or incomprehensible. Perhaps these paragraphs concern the assignment of his mortgage to Wells Fargo, with Countrywide as the servicing agent. *See* Doc. Ent. 21-6 at 2, Doc. Ent. 18 at 22. These concerns may be resolved in light of my order entered this date which provides that plaintiff's first amended complaint should include a more definite statement (Doc. Ent. 41 at 10-11) and should comply with Fed. R. Civ. P. 8(a) (Doc. Ent. 41 at 12-13).

Defendants' second argument is that ¶ 29 does not satisfy Fed. R. Civ. P. 9(b)'s requirement that a claim of fraud be stated with particularity. "In diversity cases where the cause of action is fraud, the substantive elements of fraud are determined by state law. These elements, however, must be pleaded in accordance with Fed.R.Civ.P. 9(b)." *Smith v. Allstate Insurance Co.*, 160 F.Supp.2d 1150, 1152 (S. D. Ca. 2001) (internal citations omitted). Fed. R. Civ. P. 9(b) provides in part:

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). "To show fraud or misrepresentation, a plaintiff must establish the following elements: (1) the defendant made a material misrepresentation; (2) it was false; (3) when it was made, the defendant either knew it was false or made it recklessly without knowledge of its truth or falsity; (4) the defendant made it with the intent that the plaintiff would act upon it; (5) the plaintiff acted in reliance on it; and (6) the plaintiff suffered damage." *International Broth. of Elec. Workers, Local Union No. 58 v. McNulty*, 214 Mich.App. 437, 447, 543 N.W.2d 25, 30 (1995) (citing *Arim v. General Motors Corp.*, 206 Mich.App. 178, 195, 520 N.W.2d 695 (1994)). Defendants Countrywide and Wells Fargo contend that plaintiff has "failed to allege any of these elements." Further, defendants point out, the foreclosure occurred in August 2006. This argument too may be resolved in light of my order entered this date which provides that plaintiff's causes of action should be clarified and specifically addresses plaintiff's attempt to amend his complaint to add a state law fraud and misrepresentation claim. Doc. Ent. 41 at 15-28.

Defendants' final claim is that ¶ 32 "do[es] not contain any facts and do[es] not state a claim against Countrywide." To the extent defendants are seeking facts to substantiate this claim, their concerns may be resolved in light of my order entered this date which states that plaintiff's first amended complaint must include a more definite statement (Doc. Ent. 41 at 10-11) and must comply with Fed. R. Civ. P. 8(a) (Doc. Ent. 41 at 12-13). To be sure, defendants' claim that plaintiff does not allege "why Countrywide had any duty to respond to the payoff offers[,]" Doc. Ent. 21 at 10, is a proper Rule 12(b)(6) argument; however, this argument may be resolved by my order directing that plaintiff's causes of action should be clarified. Doc. Ent. 41 at 15-28.

9

In sum, the Court should deny the instant motion without prejudice to the extent it argues that plaintiff's March 23, 2008 complaint does not state a claim against Countrywide upon which relief may be granted. This argument will be moot if plaintiff files the first amended complaint, because the first amended complaint will supercede the March 23, 2007 complaint. Furthermore, in light of the analysis in Section I.D.3 of my order (Doc. Ent. 41 at 10-29), the arguments raised by this motion with respect to Countrywide, whether they are Rule 12(b)(6) or Rule 56 arguments, may be resolved by the anticipated first amended complaint. Accordingly, the Court should permit Wells Fargo and Countrywide to file a motion to dismiss in response to any first amended complaint filed by plaintiff or to renew its motion to dismiss if plaintiff does not file a first amended complaint.

**b.     Plaintiff's claim against Wells Fargo.**

Count V of the March 23, 2007 complaint is brought against Wells Fargo. Specifically, it states:

35. The Defendant Wells Fargo Bank is enforcing a note on the Plaintiff's property located at 19165 Midway Rd. Southfield, Mi 48075 that the Plaintiff has no knowledge of.
36. The Defendant Wells Fargo Bank performed an illegal foreclosure on the Plaintiff's Property.
37. There is no proof that Wells Fargo had authority to do a foreclosure on the Plaintiff property.
38. The Defendant did not perform the foreclosure on the Plaintiff's Property according to the Michigan Comp[i]led Laws (foreclosure by advertisement)[5] therefore injuring the Plaintiff by filing a slanderous document on the Plaintiff Property.
39. The Sheriff's Deed is void and violates the MCL for not having the land description in any of the affidavits and no land description in the Sheriff's

---

[5] Apparently, plaintiff is referring to Michigan Compiled Laws, Chapter 600 ("Revised Judicature Act of 1961"), Chapter 32 ("Foreclosure of Mortgages by Advertisement"), §§ 600.3201-600.3280.

>Deed.

Doc. Ent. 1 at 5-6 ¶¶ 35-39. As to Count V, plaintiff requests "that this Court void and/or set aside the Sheriff's Sale and the Sheriff's Deed and $485,000.00 times three for filing a void and fraudulent document on the Plaintiff's Property located at 19165 Midway Rd. Southfield, Mi 48075." Doc. Ent. 1 at 6 ¶ 40.

Citing ¶¶ 35-39 of the complaint, defendants argue that plaintiff has not stated a claim against Wells Fargo upon which relief may be granted. Doc. Ent. 21 at 10-11. Defendants claim that "[t]he allegations against Wells Fargo, like those against Countrywide, are nonsensical and conclusory." Doc. Ent. 21 at 10-11. This concern is addressed by my order entered this date providing that plaintiff's first amended complaint must include a more definite statement (Doc. Ent. 41 at 10-11) and must comply with Fed. R. Civ. P. 8(a) (Doc. Ent. 41 at 12-13).

Additionally, defendants argue that "to the extent that plaintiff is contesting the validity of the foreclosure sale occurring on August 22, 200[6], such a claim should be dismissed for several reasons." Doc. Ent. 21 at 11. First, they argue that "the 46th District Court has already decided this issue. Thus, plaintiff's claims are now barred by res judicata and collateral estoppel." This argument was addressed in Section II.D.1.

Second, defendants argue, "Wells Fargo had authority to foreclose the mortgage after plaintiff's default." Noting the May 3, 2005 assignment to Wells Fargo which was received by the Register of Deeds on August 9, 2006 (Doc. Ent. 21-6), and referencing Mich. Comp. Laws § 600.3204(3),[6] defendants observe that "the assignment was recorded almost two weeks before

---

[6]"If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." Mich. Comp. Laws §

11

the foreclosure sale." Third, defendants argue, both the notice of foreclosure and the sheriff's deed "contained the **identical** legal description that is found in the mortgage." Doc. Ent. 21 at 11 (emphasis in original).

These final arguments are similar to those which might be posed in a motion for summary judgment, as opposed to a motion to dismiss. Nonetheless, the issue of whether plaintiff's March 23, 2007 complaint states claims upon which relief may be granted against Wells Fargo will be moot if plaintiff files the first amended complaint, because the first amended complaint will supercede the March 23, 2007 complaint. Accordingly, defendants' June 13th motion to dismiss should be denied without prejudice to filing a motion to dismiss in response to any first amended complaint filed by plaintiff or to renewing its motion to dismiss if plaintiff does not file a first amended complaint.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

---

600.3204(3) (footnote omitted).

*Teachers Local 231, American Federation of Teachers, ALF-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated 12/16/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on December 16, 2008.
>
> s/Eddrey Butts
> Case Manager