**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ARZEL L. FOSTER III,

        Plaintiff,                      CASE NO. 07-CV-11250

v.                                         JUDGE PAUL D. BORMAN
                                            MAGISTRATE JUDGE PAUL J. KOMIVES

AMERIQUEST MORTGAGE et. al.,

        Defendants.
_____/

**OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND
(2) DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AGAINST DEFAULT JUDGMENT**

Before the Court is plaintiff Arzel L. Foster III's ("Plaintiff's") Objections to Magistrate Judge Paul J. Komives' December 4, 2008 Report and Recommendation in favor of denying Plaintiff's May 18, 2007 Motion for Default Judgment. (Dkt. No. 40). The Court now reviews the Objections, the Report and Recommendation and pertinent parts of the record *de novo* pursuant to 28 U.S.C. § 636(b).

**I.    BACKGROUND**

Plaintiff filed a complaint in this Court, on March 23, 2007, alleging, *inter alia*, an illegal foreclosure on property located at 19165 Midway Road, Southfield, Michigan 48075. Plaintiff named Argent Mortgage Company, L.L.C. ("Argent"), AMC Mortgage Company ("AMC"), Ameriquest Mortgage ("Ameriquest"), Countrywide Home Loans, Inc. ("Countrywide"), and Wells Fargo Bank, N.A. ("Wells Fargo") as defendants. On May 2, 2007, the Court entered a stipulated order to dismiss defendants Argent, AMC, and Ameriquest. (Dkt. No. 9). Plaintiff, however, filed a First Amended Complaint on January 9, 2009, again naming Argent AMC, Ameriquest,

Countrywide, and Wells Fargo as defendants ("Defendants"). (Dkt. No. 49).

The subject of the Magistrate Judge's Report and Recommendation is Plaintiff's Motion for Default Judgment, which was filed on May 18, 2007—after Argent, AMC, and Ameriquest were originally dismissed from the suit and before they were added again by the First Amended Complaint. (Dkt. No. 27). In his Motion for Default Judgment, seeks an entry of default judgment, an assessment of sanctions against Defendants for plaintiff's attorney fees and costs wrongly incurred pursuant to M.C.R. § 2.114(F), and an award of costs under M.C.R. § 2.625(D). Specifically, Plaintiff contends that Defendants did not file their answers within twenty days of being served.

## II.   ANALYSIS

### A.   Legal Standard

Federal Rule of Civil Procedure 55(b) regulates the entry of default judgments. Pursuant to Rule 55(b)(2), when the amount is not for a sum certain, default judgment may be entered as follows:

> (2)   By the Court. In all other cases the party entitle to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative, who has appeared therein . . . .

Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the case law sets forth that the court must exercise "sound judicial discretion" when determining whether to enter the judgment. 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure § 2685 (3rd 3d. 1998) (collecting cases). After a court determines that a default judgment should be entered, it will determine the

amount and character of the recovery awarded.  *See id.* § 2688 (collecting cases).

    **B.**    **Objections**

Plaintiff does not list specific objections to the Report and Recommendation.  Instead, Plaintiff merely attempts to reassert his claims for relief.  In fact, the only reference to the issues discussed in the Report and Recommendation states that "Defendants['] claim [that] they were not serv[ed] in a timely manner . . . is [of] no merit and not true."  (Pl.'s Obj. 5).

According to the Sixth Circuit, "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

Having reviewed the Report and Recommendation, and there being no specific objections, the Court enters its findings and conclusions regarding Plaintiff's claim for default judgment.

### III.    CONCLUSION

For these reasons, the Court:

(1)    **ADOPTS** the Magistrate Judges's Report and Recommendation denying Plaintiff's Motion for Default Judgment (Dkt. No. 42) and

(2)    **DENIES** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 53).

**SO ORDERED.**

                          S/Paul D. Borman  
                          PAUL D. BORMAN  
                          UNITED STATES DISTRICT JUDGE

Dated:  March 11, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 11, 2009.

                                                S/Denise Goodine
                                                Case Manager