UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARZEL L. FOSTER III,

       Plaintiff,                               CASE NO. 07-CV-11250

v.                                             JUDGE PAUL D. BORMAN
                                                 MAGISTRATE JUDGE PAUL J. KOMIVES

AMERIQUEST MORTGAGE et. al.,

       Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is plaintiff Arzel L. Foster III's ("Plaintiff") "MOTION to SET ASIDE ORDER OF DISMISSING AND VACATE of ORDER OF DISMISSING DEFENDANTS" filed on July 2, 2009. (Dkt. No. 68). Plaintiff's Motion asks this Court to set aside or vacate its June 24, 2009 Order Dismissing Defendants First Choice Financial Group, Inc., Trott and Trott, MERS, and Bank of America for failing to effect proper service. (Dkt. No. 66). Because Plaintiff's Motion asks this Court to reconsider one of its prior rulings, the Court will treat it as a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(g).[1]

Local Rule 7.1(g)(3) provides the standards for a motion for reconsideration:

> Generally, and without restricting the Court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled

---

[1] Under Rule 54(b), district courts may revise any interlocutory judgments "at any time before the entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties." *See also Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment. A district court may modify, or even rescind, such interlocutory orders.") (citations omitted).

upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

Plaintiff contends that Bank of America and MERS were served and provides a copy of Defendants Countrywide Home Loans, Inc., Wells Fargo Bank, N.A., Bank of America, and MERS February 16, 2009 Answer to Plaintiff's January 16, 2009 Amended Complaint as proof of that service. While the title of the Answer—and therefore the Court's docket sheet—listed only Defendants Countrywide Home Loans, Inc and Well Fargo Bank, N.A., the body of the Answer listed Defendants Countrywide Home Loans, Inc., Wells Fargo Bank, N.A., Bank of America, and MERS as responded to Plaintiff's Amended Complaint. In addition, as indicated in the caption of their Answer, counsel for Defendants Countrywide Home Loans, Inc. and Well Fargo Bank, N.A. also represents Bank of America and MERS. In light of the fact that Defendants Bank of America and MERS actually responded to Plaintiff's Amended Complaint, the Court sets aside its dismissal of Plaintiff's cause of action against Defendants Bank of America and MERS for failing to effect proper service.

Plaintiff has not, however, shown that Defendants First Choice Financial Group, Inc. and Trott and Trott, P.C. were ever properly served. While service of process may be effectuated through the mail, certain requirements have to be met. *See* FED. R. CIV. P. 4(d), (e)(1); MICH. R. CIV. P. 2.105(D). Plaintiff has not demonstrated to this Court that he satisfied these requirements or shown that service of process cannot reasonably be made as provided under these rules. *See* FED. R. CIV. P. 4(e)(1); MICH. R. CIV. P. 2.105(i)(1). Therefore, the Court's June 24, 2009 Order with

respect to Defendants First Choice Financial Group, Inc. and Trott and Trott, P.C. remains undisturbed.

For the reasons stated, the Court:

(1) **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Reconsideration;

(2) **REVERSES IN PART** its June 24, 2009 Order dismissing Defendants First Choice Financial Group, Inc., Trott and Trott, Bank of America, and MERS; and

(3) **REINSTATES** Plaintiff's claims against Defendants Bank of America and MERS.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 6, 2009.

s/Denise Goodine
Case Manager