UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARZEL L. FOSTER, III,

    Plaintiff,

v.                                               Case No. 07-cv-11250
                                                United States District Judge Paul D. Borman
                                                Magistrate Judge Paul J. Komives

ARGENT MORTGAGE COMPANY, L.L.S;
AMC MORTGAGE COMPANY;
AMERIQUEST MORTGAGE;
COUNTRY WIDE HOME LOANS, INC.;
BANK OF AMERICA, N.A.;
FIRST CHOICE FINANCIAL;
WELLS FARGO BANK, N.A.;
TROTT & TROTT, P.C.;
MERS,

    Defendants.
_____/

OPINION AND ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
REGARDING DEFENDANTS ARGENT MORTGAGE COMPANY, LLC, AMC
MORTGAGE SERVICES, INC., AND AMERIQUEST MORTGAGE COMPANY'S MAY 7,
2009 MOTION FOR SUMMARY JUDGMENT (DKT. NO. 83);
(2) ADOPTING IN PART AND DENYING IN PART THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION REGARDING DEFENDANTS' JULY 2, 2009
MOTION TO DISMISS (DKT. NO. 84);
(3) GRANTING DEFENDANTS ARGENT MORTGAGE COMPANY, L.L.C., AMC
MORTGAGE SERVICES, INC. AND AMERIQUEST MORTGAGE COMPANY'S MOTION
FOR SUMMARY JUDGMENT (DKT. NO. 60);
(4) GRANTING DEFENDANTS COUNTRYWIDE HOME LOANS INC. AND WELLS
FARGO BANK, N.A.'S MOTION TO DISMISS (DKT. NO. 69);
(5) GRANTING DEFENDANTS BANK OF AMERICA CORPORATION AND MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS (DKT. NO. 76);
(6) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO
REPORT AND RECOMMENDATION (DKT. NO. 86);
(7) DENYING PLAINTIFF'S MOTION FOR SERVICE (DKT. NO. 85)

      Before the Court are the Magistrate Judge's January 25, 2010 (1) Report and

Recommendation Regarding Defendants Argent Mortgage Company, LLC, AMC Mortgage Services, Inc. and Ameriquest Mortgage Company's May 7, 2009 Motion for Summary Judgment (Dkt. No. 83) and (2) Report and Recommendation Regarding Defendants' July 2, 2009 Motion to Dismiss (Dkt. No. 84). Neither party has filed timely objections under 28 U.S.C. § 636(b)(1) and E.D. Mich. L.R. 72.1(d).[1] Having reviewed the Magistrate Judge's conclusions of fact and findings of law, and for the reasons stated in this Opinion, the Court hereby:

(1) **ADOPTS** the Magistrate Judge's Report and Recommendation Regarding Defendants Argent Mortgage Company, LLC, AMC Mortgage Services, Inc. and Ameriquest Mortgage Company's May 7, 2009 Motion for Summary Judgment;

(2) **ADOPTS** that portion of the Magistrate Judge's Report and Recommendation Granting Defendants Countrywide and Wells Fargo's Motion to Dismiss Counts I, IV, VI, VII and VIII of the Complaint;[2]

---

[1] On February 9, 2010, Plaintiff filed an Ex Parte Emergency Motion for an extension of time to respond to the Magistrate Judge's Report and Recommendation which this Court denies. Plaintiff was informed of the time frame for filing objections by the Magistrate Judge's January 25, 2010 Report and Recommendation. Plaintiff has, to the date of this Opinion, failed to file any objections.

[2] Plaintiff's claims of fraud and unjust enrichment as to all Defendants are barred by the doctrine of *res judicata*. These claims rest upon the premise that the entry of the state court foreclosure judgment was invalid, as evidenced in part by Plaintiff's prayer for relief in his First Amended Complaint that fee simple title to the home be placed back in Plaintiff. (Amended Compl. ¶ 1, Prayer for Relief). Plaintiff had an opportunity to present these claims in the state court foreclosure proceeding. *See Sewell v. Clean Cut Management*, 463 Mich. 569, 574 (2001) (holding that a state district court judgment issued in a summary possession proceeding is conclusive on the issue of whether the eviction was proper). State District Court Judge Susan Moiseev entered judgment granting Countrywide possession of the property. (Dkt. No. 76 Ex. F.) This judgment is conclusive on the issue of the propriety of the eviction, which Plaintiff continues to challenge in his fraud and unjust enrichment claims in this Court. Thus, Plaintiff's claims are barred by the doctrine of *res judicata*. *See Givens v. Homecomings Financial,* 278 F. App'x 607 at *2 (6th Cir. 2008) (unpublished) (upholding district court's dismissal of plaintiff's complaint which sought to effectively appeal the state court order granting possession to JP Morgan and also holding plaintiff's

(3) **DENIES** that portion of the Magistrate Judge's Report and Recommendation Denying Defendants Countrywide and Wells Fargo's Motion to Dismiss Count III of the Complaint because the Court finds that Defendants Countrywide and Wells Fargo are not "debt collectors" as defined in 15 U.S.C. § 1692a(6);[3]

(4) **GRANTS** Defendants Argent Mortgage Company, LLC, AMC Mortgage Services, Inc. and Ameriquest Mortgage Company's Motion for Summary Judgment (Dkt. No. 60);

(5) **GRANTS** Defendants Bank of America Corporation and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (DKT. NO. 76);[4]

---

claims barred by the doctrine of *res judicata* because they could have been resolved in the state court proceeding). *See also Luckett v. U.S. Bank Nat'l Ass'n*, No. 08-14285, 2009 WL 22858 at * 3-5 (E.D. Mich. Jan. 5, 2009) (unpublished) (holding that plaintiff, who lost a summary state court foreclosure and possession action that culminated in a judgment against him, was barred by *Rooker-Feldman* and *res judicata* from presenting related claims in federal court).

[3] *See Montgomery v. Huntington Bank,* 346 F.3d 693, 698-99 (6th Cir. 2003) (holding that the term "debt collector does not include a creditor collecting its own debts or a person collecting a debt that was not in default at the time it was obtained); *Scott v. Home American*, No. 09-10810, 2009 WL 3270084 (E.D. Mich. Oct. 9, 2009) (unpublished) (holding that neither the original mortgagee nor the assignee of the mortgage is a "debt collector" under the FDCPA); *King v. Ocwen*, No. 07-11359, 2008 WL 111260 (E.D. Mich. Jan. 8, 2008) (unpublished) (holding that term "debt collector" under the FDCPA does not include consumer creditors, mortgage servicing companies or assignees of debt as long as debt was not in default at the time it was assigned). Plaintiff in the instant matter makes no claim that the loan was in default at the time it was assigned to Wells Fargo and Countrywide became the servicer. Therefore, neither Wells Fargo nor Countrywide are "debt collectors" under the FDCPA and the Magistrate Judge should also have dismissed Count III of Plaintiff's Complaint.

[4] On September 2, 2009, Defendants Bank of America Corporation ("BOA") and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a Motion to Dismiss (Dkt. No. 76) to which Plaintiff never responded. Plaintiff has failed to rebut in any way the arguments set forth by BOA and MERS in their motion to dismiss and "its opportunity is waived and its case wagered." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). Additionally, the Court finds that Plaintiff has failed to allege sufficient facts as to BOA, which is the sole shareholder of the parent

(6) **GRANTS** Defendants Countrywide Home Loans, Inc. And Wells Fargo Bank, N.A.'s Motion to Dismiss First Amended Complaint (Dkt. No. 69); and

(7) **DENIES** Plaintiff's Motion for Extension of Time to Answer the Report and Recommendation (Dkt. No. 86);

(8) **DENIES** Plaintiff's Motion for Request of Service (Dkt. No. 85);[5] and

(9) **DISMISSES** this case with prejudice.

IT IS SO ORDERED.

                                          S/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: March 24, 2010

---

company (Countrywide Financial Corporation) of Defendant Countrywide Home Loans, Inc., to survive BOA's motion to dismiss. Michigan law recognizes the general principle that separate corporate entities will be respected. *Wells v. Firestone*, 421 Mich. 641, 650 (1995). As to Defendant MERS, the Court finds that Plaintiff's Amended Complaint, which contains no allegations of any specific conduct on the part of MERS, indeed does not mention MERS other than in the caption of the Amended Complaint, fails to state a claim against MERS. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Accordingly, the Court grants BOA and MERS' Motion to Dismiss.

[5] Plaintiff filed his "Motion this Court for US Marshall Service for request service of summon and complai[sic]" dated July 9, 2009 (Dkt. No. 85). While this appears to be an attempt by Plaintiff to serve previously dismissed defendants, this "motion" does not meet the requirements of Federal Rule of Civil Procedure 4. Plaintiff does not attach a copy of a summons or complaint and has not demonstrated that he has otherwise satisfied the requirements of Fed. R. Civ. P. 4 or shown that service of process cannot reasonably be made under the rules. Therefore, the Court denies Plaintiff's "motion."

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 24, 2010.

                                                S/Denise Goodine
                                                Case Manager